1 | David L. Rose (DCB 376379)
Daver@Roselawyers.com
2 | Earlene W. Rosenberg (DCB 974273)* *Pro hac vice* application pending
Erosenberg@Roselawyers.com
3 | **ROSE & ROSE, P.C.**
1320 19th Street, N.W., Suite 601
4 | Washington, D.C.   20036
Telephone: (202) 331-8555
5 | Facsimile: (202) 331-0996    E-Filing

6 | Attorneys for Plaintiffs

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 |

11 | FRED HULAC, KATHY FINGARSON    )    **CV 08    1557**
RAUL ARMENDARIZ, GLENDORA    )    **CASE NO.**
12 | SPINKS, WILLIAM STEWART    )
and all those similarly    )
13 | situated    )    **COMPLAINT**
    )
14 |    )    **DEMAND FOR JURY TRIAL**
    )
    Plaintiffs,    )
15 |    )
    )
16 |    )    **ADEA COLLECTIVE ACTION UNDER FEHA**
    )
17 | vs.    )    **AND**
    )
18 |    )    **CLASS ACTION**
    )
FEDERAL EXPRESS    )
19 | CORPORATION    )
    )
20 |    )
    Defendant.    )
21 | _____ )

22 | **INTRODUCTION**

23 |    1.    This suit is brought by eighty-seven current and

24 | former employees of the Defendant Federal Express Corporation to

25 | enforce and secure their rights and the rights of other similarly

26 | situated older employees under the Age Discrimination in

27 | Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the

28 | California Fair Employment and Housing Act, Cal. Gov't Code

1  §12940, et seq. They seek injunctive relief that prohibits the
2  employment practices of the Defendant Federal Express Corporation
3  ("FedEx") from using employment practice that discriminate
4  against its older couriers/handlers, customer service agents and
5  other hourly employees.

6  **JURISDICTION**

7      2.       This Court has jurisdiction over this case under
8  29 U.S.C. § 626(c) and 28 U.S.C. § 1331, § 1337 and § 1367.

9  **VENUE**

10

11     Venue in this District is appropriate under the ADEA, 29
12  U.S.C. § 626(c).  Venue of the FEHA is appropriate under Cal.
13  Gov't. Code § 12965(b)et seq.

14  **PARTIES**

15     3.    Defendant Federal Express Corporation ("FedEx" or
16  "Defendant") is a corporation engaged in the transportation of
17  packages by air and by ground throughout the United States.

18     4.    Defendant is an employer within the definition and
19  coverage of 29 U.S.C. § 630(b) of the ADEA, the Cal. Gov't. Code
20  § 12900 of the FEHA, and other state laws prohibiting age
21  discrimination.

22     5.    Each Plaintiff is or was employed by the Defendant as a
23  courier, operations manager or in another hourly paid position.
24  Each Plaintiff is 44 years of age or older.  Each Plaintiff has
25  ten or more years of employment with Defendant.

26
27
28                              2

1    6.    FedEx terminated or forced to quit Plaintiffs listed on
2    the graph below and in Appendix A under false allegations of
3    falsification of a delivery, misconduct or failure to report an
4    accident, under FedEx Acceptable Conduct Policy 2-5.

5    7.    Plaintiffs had their stops per hour raised to almost
6    unattainable numbers but when they made the stops per hour they
7    were accused of falsifying and were terminated while couriers and
8    other employees under 40 were not terminated for the same
9    actions.    The Plaintiffs are listed in the chart below with the
10   state in which the Plaintiff worked, the Plaintiff's name, the
11   alleged conduct that brought termination by FedEx, age at
12   termination, years of service (YOS) with FedEx and the year FedEx
13   terminated the Plaintiff:

| State Employed | Plaintiff | Alleged Conduct | Age | YOS | Year Terminated |
|---|---|---|---|---|---|
| California | Fred Hulac, | Falsification | 54 | 22 | 1/9/07 |
|  | Glendora Spinks | Displaced; unable to lift 70 lbs after returning to work from an injury | 52 | 14 | 4/21/05 |
| Colorado | Lori Bernstein | Displaced; unable to lift 70 lbs after returning to work from injury and given a bulk route | 44 | 22 | 4/4/06 |
| Connecticut | Delno Clark | Falsification | 48 | 21 |  |
| Arizona | Raul Armendariz | Falsification | 50 | 21 | 12/21/06 |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

|  | Plaintiff | Alleged Conduct | Age | YOS | Year Terminated |
|---|---|---|---|---|---|
| Florida | John Pellegren | "Horsing Around" Policy 2-5 | 53 | 13 | 5/20/07 |
|  | Susan Elins | Falsification Policy 2-5 | 46 | 12 | 1/2008 |
|  | Peggy Whitman | Falsification Policy 2-5 | 51 | 20 | 11/12/07 |
|  | Romas Jasiulevicius | Falsification Policy 2-5 | 45 | 20 | 7/12/07 |
|  | Rich Salvatore | Forced Out | 44 | 22 | 2/24/07 |
| Georgia | Jerome Vanderable | Falsification Policy 2-5 | 47 | 21 | 3/4/05 |
| Hawaii | Sherrie Smith | Falsification Policy 2-5 | 51 | 21 | 12/16/04 |
|  | Edward Medeiros | Falsification Policy 2-5 | 49 | 13 | 1/24/05 |
|  | Rian Takeshita | Falsification Policy 2-5 | 44 | 13 | 7/24/06 |
| Iowa | Steven Sutterman | Falsification Policy 2-5 | 46 | 22 | 2/2/04 |
| Maryland | Samuel Kudjordji | Falsification Policy 2-5 | 51 | 11 | 4/13/05 |
|  | Lani Gibbons | Falsification Policy 2-5 | 54 | 17 | 6/26/07 |
| Mass. | Peter Fay | Policy 2-5 | 47 | 20 | 2/21/02 |
|  | Michael Kelley | Falsification Policy 2-5 | 48 | 20 | 10/7/05 |
|  | John Neil | Falsification Policy 2-5 | 50 | 22 | 3/07 |
|  | Kenneth Kumm | Falsification Policy 2-5 | 49 | 25 | 10/25/05 |

4

| | | | | | |
|---|---|---|---|---|---|
| Michigan | Lizzie Middlebrook | Falsification Policy 2-5 | 51 | 20 | 7/5/05 |
| | Debroah Ridenhour | Falsification Policy 2-5 | 59 | 28 | 3/15/07 |
| New Jersey | Larry Mungiello | Falsification Policy 2-5 | 64 | 18 | 8/31/05 |
| New Mexico | Steven Goldberg | Called customers while delivering package | 53 | 18 | 6/24/04 |
| New York | Maggie Dean | Accident | 45 | 14 | 2/4/05 |
| North Carolina | Sandra Compton | Falsification Policy 2-5 | 58 | 11 | 4/9/07 |
| | Michael Dill | Falsification Policy 2-5 | | | |
| Ohio | Shryl Weideman | Displaced | 46 | 11 | 10/17/05 |
| | Ronald Adams | Falsification Policy 2-5 | 48 | 18 | 7/18/05 |
| Oklahoma | William Watkins | 1 overlooked package | 57 | 17 | 6/10/05 |
| | Edward Jones | Falsification Policy 2-5 | 50 | 15 | 8/30/05 |
| Oregon | Belynda Ryles | Displaced; unable to lift 70 lbs after returning to work from an injury | 47 | 22 | 9/24/04 |
| | Jeff McEllreth | Falsification Policy 2-5 | 52 | 24 | 9/22/06 |

5

| Tennessee | Michael Parks | Terminated for Stops per hour | 48 | 20 | 9/25/04 |
|---|---|---|---|---|---|
| | Kenneth Adams | Falsification Policy 2-5 | 48 | 19 | 6/10/05 |
| | Ricki Stillwell | Falsification Policy 2-5 | 51 | 17 | 6/23/06 |
| | Verna Standback | Falsification Policy 2-5 | 52 | 24 | 8/11/06 |
| Texas | Sandra Mason | Falsification Policy 2-5 | 47 | 23 | 6/12/05 |
| Wisconsin | Robert Willette | Unreported Traffic Citation | 45 | 22 | 11/14/06 |
| Illinois | Bonnie Boston | Displaced | 47 | 16 | 2/1/2003 |

8.    Plaintiff Fred Hulac ("Hulac") is a resident of Santa Rosa, California.  He was born on March 27, 1952.  FedEx employed Plaintiff Hulac in California as a courier for more than twenty-two years at the STSA station in this district.

9.    FedEx terminated Plaintiff Hulac's employment on January 9, 2007 for using a timecard kept in his truck. When Plaintiff Hulac pulled into the parking lot at FedEx station STSA after a week of vacation on Tuesday, January 7, 2007, his wife called to inform him that "Tammy from FedEx called" his home to inform him that the new start time is 7:00am.

10.   Plaintiff Hulac's typical Tuesday start times were 7:40am and 7:50am.  On the morning of January 7, 2007 he left his home at 6:45 am to arrive on time.

11.   Plaintiff Hulac arrived at the station at "7:05am" not wanting to be late.  He rushed into the building, but there was no time card left for him by managers.  To sign in for the day he

6

1  grabbed a blank time card from his truck and marked it for a
2  starting time of 7:05am.

3      12.   Plaintiff Hulac left a post-it note on his manager's
4  door explaining how he signed in for that day. Allegedly, the
5  manager never saw the note.

6      13.   Couriers under 40 years of age have used blank time
7  cards kept in their vehicles and none of those couriers were
8  terminated for using a blank time card.

9      14.   Plaintiff Hulac never  had a chance to inform managers
10 of his time card entry when he returned to the station because all
11 managers had left by 6:40pm and his cell phone battery was dead.
12 He left another note on the door of his operations manager but she
13 allegedly never saw it.

14     15.   Hulac never falsified in his 22 year career as a
15 courier. FedEx terminated Hulac 11 weeks before his 55th birthday
16 when he could have vested in the retiree healthcare benefits
17 program.

18     16.   Managers knew Plaintiff Hulac would arrive at the
19 station soon because dispatcher Tammy spoke with his wife minutes
20 before his arrival. Managers did not leave a time card with his
21 name on it for him, which forced Plaintiff Hulac to use any time
22 card he had. He signed in giving the "new" start time he learned
23 of minutes before he was to sign in.

24     17.   FedEx used its policies to discriminate against
25 Plaintiff Hulac and like employees. FedEx's policy of
26 falsification, (Acceptable Conduct Policy 2-5) is applied in a
27

28                                7

1 discriminatory way to couriers, ramp transport drivers, service
2 agent, handlers and operations managers 44 and older with 10 or
3 more years of experience.

4     18. FedEx's Acceptable Conduct Policy 2-5 is vague and can
5 be applied in any way a manager chooses. Older couriers increase
6 station costs with higher hourly pay, overtime pay and more
7 serious injuries. Headquarters informs managers to reduce station
8 costs. Managers use Acceptable Conduct Policy 2-5, Best Practice
9 and stops-per-hour to discriminate against older employees.

10     19. Managers also terminate couriers returning from medical
11 leave or long-term disability. Managers remove the courier from
12 his/her route and state the courier must take a route anywhere in
13 the U.S. Couriers are offered routes for half their current pay
14 in stations 500 miles away. Sarah Dancer moved her daughter to
15 Texas from Memphis, Tennessee when she lost her route after an
16 injury. She was forced to leave behind her sick husband.

17     20. Managers are motivated to terminate older employees,
18 force them to quit or force to retire. FedEx pushes stations to
19 reduce station costs and protect FedEx's "hours goal" or "FTE
20 goals" set by executives at headquarters.

21     21. Managers adhere to the MOB/FOB strategies for management
22 at FedEx provided to stations from headquarters. Managers'
23 performance reviews have categories for MOB/FOB and for an
24 evaluation of whether or not the manager is meeting the FTE goals
25 set by headquarters.

26     22. Each of these policies discriminates against Plaintiffs
27

28                         8

1 | and other older employee because the goals for reducing station
2 | costs employ a strategy of applying Best Practice, stops-per-hour
3 | and other policies in a discriminatory way against older employees
4 | and in a non -discriminatory way toward employees under 40 years
5 | of age.

6 | 23. Appendix A lists couriers, service agents and an
7 | Operations Manager all discriminated against through FedEx's
8 | policies. All are 44 years of age or older and have worked at
9 | FedEx for 10 or more years.

10 | 24. Plaintiff Kathy Fingarson ("Fingarson") is a resident of
11 | Jenner, California. FedEx hired Plaintiff Fingarson on September
12 | 1, 1988. Plaintiff Fingarson worked at the STSA station and is
13 | currently working at the NOTA station in this District. She was
14 | born on October 31, 1953.

15 | 25. Defendant schedules Plaintiff Kathy Fingarson and other
16 | couriers age 44 or older at the NOTA station for fewer hours than
17 | couriers under the age of 40. Fed Ex issued eight "Counselings",
18 | for Plaintiff Fingarson as a form of disciplinary action, placed
19 | in the Online Documented Counseling and Compliment "OLCC" PRISM
20 | system, although it did not take any disciplinary action against
21 | younger couriers for similar practices.

22 | 26. FedEx discriminates against couriers and other employees
23 | over 44 years of age with 10 or more years of experience with
24 | FedEx through policies developed at headquarters.

25 | 27. FedEx's discriminatory policies are Best Practice
26 | methods and Best Practice check-rides, stops-per-hour and hourly
27 |
28 | 9

1 | and fiscal goals set by headquarters.

2 | 28. Managers issue Performance Reminders or Warning Letters
3 | to couriers, ramp transport drivers, handlers, service agents and
4 | operations managers. If an employee accumulates three letters he
5 | can be terminated.

6 | 29. Couriers receive letters for not achieving stops per
7 | hour, which is a discriminatory policy. Managers often have young
8 | couriers literally "run" a route, falsify and skip lunch in
9 | violation of FedEx policies. The younger courier increases the
10 | number of stops per hour possible on a specific route by violating
11 | policies. When the senior courier returns managers contend that
12 | the senior courier must make the same number of stops per hour or
13 | more.

14 | 30. The senior courier has impossible "numbers" of stops per
15 | hour to make. He is then given an OLCC or letter for not making
16 | the new goal.

17 | 31. FedEx discriminates against the Plaintiffs employed by
18 | FedEx listed in Appendix B through FedEx policies. FedEx wants
19 | these employees to become so frustrated they quit. If they do not
20 | quit they will be fired, harassed or forced to retire early.

21 | 32. The Plaintiffs in Appendix B are still employed by
22 | FedEx, but seek an injunction for relief from FedEx's
23 | discriminatory practices.

24 | 33. Plaintiff William Stewart, employee number 32409, worked
25 | at the STSA FedEx station in Santa Rosa, California for twenty-
26 | three years. He was born on 3/27/1952. He worked 2209.45 total

27 |

28 | 10

1    hours in 2004, 1759.03 hours in 2005 and 1431.36 hours in 2006.

2    Fed Ex gave more hours to couriers under 40 years of age than to

3    Plaintiff Stewart.  Defendant placed him on indefinite suspension

4    after he had an accident while working as a courier.  Fed Ex then

5    called him and told him to return to work the following Monday.

6        34.  Defendant did not inform him of any business reason for

7    suspending him and did not advise him of the findings of the FedEx

8    investigation.  He retired on 3/28/2007, because he reasonably

9    believed that FedEx would terminate his employment, possibly for

10   cause, if he did not do so.

11       35.  Couriers forced to retire are listed in Appendix C.

12   These couriers, based upon information and belief, reasonably

13   believed FedEx would terminate them.  None of these couriers

14   reached 60 years of age with thirty years of experience with

15   FedEx.  Retiring before reaching 60 years of age and thirty years

16   of employment has a negative impact on these couriers, monthly

17   pension payment.

18                **NOTICE TO THE DEFENDANT OF ALLEGATIONS**

19              **OF AGE DISCRIMINATORY EMPLOYMENT PRACTICES**

20

21       36.  The Defendant FedEx has benefitted in notice of the

22   allegations of discriminatory employment practices since 1997 when

23   a charge number 15B970137 was filed by courier Ronald Clausnitzer.

24   Gerald Freeman filed a charge with the EEOC and the Clearwater

25   Human Relations Dept., in 1997.  The EEOC charge number for Mr.

26   Freeman is 15B960120 and the FEPA charge number is PCO#9607-02543.

27

28                                11

37.   In 1997 Clausnitzer and four other couriers filed charges of age discrimination and alleged a nationwide pattern.

38.   FedEx continues its discriminatory practices against the Plaintiffs and other older couriers, ramp transport drivers, service agents and operations managers.

39.   Plaintiff Raul Armendariz received a right to sue letter on 12/21/2007.  His charge number is 540-2007-01910.

40.   Plaintiff Jeff McEllrath filed a charge against FedEx with the EEOC for age discrimination.  He received a right to sue letter on 1/15/2008.  The charge number is 551-2006-00517.

41.   Plaintiff Michael Parks filed a charge against FedEx with the EEOC for age discrimination on 3/7/2007.  The charge number is 494-2007-01495.  He received a right to sue letter on 12/28/2007.

42.   Plaintiff Michael Breitenstein filed an age discrimination charge and retaliation charge with the EEOC in 2007. His charge numbers are 437-2008-00197 and 22A-2007-04723.

43.   Plaintiff Hulac filed his EEOC charge on 12/3/2007.  The charge number is 550-2008-00613.  He has not yet received his right to sue letter.

44.   Plaintiff Fingarson filed a charge with the EEOC and cross-filed it with the California Department of Fair Employment and Housing on 1/14/2007.  She has not yet received her right to sue letter.

45.   Plaintiff Cedric Roane filed an age discrimination

1 charge with the EEOC in October 2007. He has not yet received his
2 right to sue letter.

3     46.   Plaintiff Sarah Dancer filed an age discrimination
4 charge with the EEOC on 9/7/2007. She has not yet received her
5 right to sue letter.

6     47.   Plaintiff Wilma Goree filed a charge of age
7 discrimination against FedEx on 8/30/2005 and received a right to
8 sue letter on 8/30/2005. The charge number is 311-2005-01559.
9 Plaintiff Goree filed a retaliation charge on 11/29/2006. The
10 charge number is 564-2007-00294. She has not yet received a
11 right to sue letter for the retaliation charge.

12     48.   Plaintiff Kenneth Kumm filed a charge with the EEOC on
13 11/28/2005, charge number 161-2005-00143. He has not yet received
14 a right to sue letter from the EEOC.

15     49.   Plaintiff Valentin filed a charge with the EEOC on
16 January 24, 2008.

17     50.   <u>The following Plaintiffs received Right to Sue letters</u>
18 <u>more than 90 days ago</u>:

19     51.   Plaintiff Kenneth Adams filed a charge with the EEOC on
20 10/31/2005. The charge number is 250-2006-00229. Plaintiff Adams
21 received a right to sue letter on 10/23/2006.

22     52.   Plaintiff Richard Boyd filed a charge of age
23 discrimination by FedEx with EEOC stating "I was forced to retire
24 from my position as a driver." The charge number is 150-2004-
25 00821. He received a right to sue letter on 6/21/2004.

26     53.   Plaintiff Steven Goldberg filed an age discrimination
27
28                                13

1 | charge against FedEx with the EEOC on 9/28/2004. He received a
2 | right to sue letter on 6/3/2005.

3 |     54. Plaintiff Sandra Mason filed an age discrimination
4 | charge on 3/4/2005. The charge number is 330-2005-02299. She
5 | received a right to sue letter.

6 |     55. Plaintiff Warren Goldman filed an age discrimination
7 | charge with the EEOC and cross filed the charge with Palm Beach
8 | Co. Off. of Eql Emplmt on 5/3/2004. Plaintiff Goldman's charge is
9 | # 400450 15MA400187. He received a right to sue letter.

10 |     56. Plaintiff Edward Jones filed a charge with the EEOC on
11 | 10/3/2007. The charge number is 31B-2007-00226. He has not yet
12 | received a right to sue letter. Plaintiff Jones previously filed a
13 | charge on 8/30/2005. He received a right to sue letter on
14 | 8/30/2005. The charge number is 311-2005-01466.

15 |     57. Plaintiff Esther Harrison, who has worked for FedEx
16 | since 1979, filed an age discrimination charge with the EEOC on
17 | 10/26/2005. The charge number is 250-2006-00199. She received a
18 | right to sue letter on 7/6/2006.

19 |     58. Plaintiff Smith filed an age discrimination charge
20 | with the EEOC and the Hawaii Civil Rights Commission on October
21 | 11, 2005. The charge number is 37B-A5-00154. She received a
22 | right to sue letter.

23 |     59. Plaintiff Jerome Vanderable filed an age discrimination
24 | charge with the EEOC on March 21, 2005. The charge number is 110-
25 | 2005020-82. He received a right to sue letter.

26 |     60. Plaintiff William Watkins, III filed an age
27 |
28 |                 14

discrimination charge for age discrimination with the EEOC on 2/6/2006.   The charge number is 172-2006-00459.   He received a right to sue letter.

61.   Plaintiff Sutterman filed an age discrimination charge with the Iowa Civil Rights Department in 2004.   He received a right to sue letter.

62.   Plaintiff Sarro filled an age discrimination  charge with the EEOC, charge number 461A4386-401 15FA400504 on June 11, 2004.   He received a right to sue letter.

63.   Plaintiff Middlebrook filed a charge with the EEOC on 1/5/2006. She received a right to sue letter.

64.   FedEx had 333 ADEA charges filed with the EEOC from 2001 thru 2007 and only 1 had a successful conciliation.

65.   FedEx harmed Plaintiffs in paragraphs 7-33 and listed in Appendix A, Appendix B and Appendix C, by the Defendant's discriminatory policies such as measuring stops-per-hour; Best Practice; P/FTE; MOB/POB strategies and others policies listed below.

## **FACTS**

66.   Defendant employs tens of thousands of couriers, service agents, operations managers and ramp transport drivers(RTD's) throughout the United States.

67.   Operations managers receive hourly pay when hired.   They earn a salary only after years as an operations manager.

68.   FedEx Senior Managers, who make all final decisions for

15

1 a station, must "make sound financial decisions which positively
2 affect the performance of the department/district/Company." These
3 decisions have a disparate impact upon Plaintiffs and those
4 similarly situated.

5     69.  Defendant FedEx's headquarters consistently influences
6 station managers' financial decisions for their stations.

7     70.  Managers must follow FedEx corporate policies developed
8 at headquarters by applying Management by Objectives/Performance
9 by Objectives ("MOB/POB") strategies.

10     71.  In 1994 FedEx senior managers, trained by management at
11 headquarters, began implementing Best Practice Pays "BPP".

12     72.  FedEx headquarters gave senior managers monthly budgets.
13 Plaintiffs, and similarly situated employees received bonus pay
14 for applying "Best Practice."

15     73.  FedEx no longer has managers BPP but maintains a Best
16 Practice "BP" policy. The BP policy harmed and may continue to
17 harm Plaintiffs and similarly situated older employees of FedEx by
18 requiring couriers and other older employees to meet goals, such
19 as, stops-per-hour for couriers, a measure that has been
20 administered by FedEx in an age discriminatory way.

21     74.  BP negatively impacts Plaintiffs and similarly situated
22 employees economically by lowering their performance reviews,
23 reducing income and other discriminatory practices.

24     75.  Managers are trained by headquarters in BP methods and
25 ride along with couriers on a "Check Ride" to determine the number
26 of packages a courier's route should deliver per hour, or what the
27

28                         16

courier's "stops-per-hour" should be.

76.  Upon information and belief Defendant FedEx disproportionately increased the stops per hour for couriers 44 and older, as compared to those for couriers under 44 years of age.

77.  FedEx has reduced the work hours for the Plaintiffs set forth in Appendix A, Appendix B and Appendix C who are 44 years of age or older with 10 or more years of experience with FedEx as a couriers, handlers, ramp transport drivers, service agents, operations managers or other hourly employees working in the U.S.

78.  On check-rides managers "write-up" older couriers for not wearing the "right color socks" or not "walking-briskly." When managers write-up couriers or increase couriers' stops-per-hour to an unattainable goal managers are applying FedEx's discriminatory policies against Plaintiffs and similarly situated older couriers.

79.  Senior Managers issue discipline selectively to older operations managers; that is, those 44 years of age and older.

80.  Managers issue discipline to older couriers, ramp transport drivers and service agents 44 and over more frequently than those under 44 years of age.

81.  FedEx employees 44 and over are terminated for "falsification" while younger couriers perform the same duties without penalty.

82.  FedEx issues to older couriers, ramp transport drivers, service agents and operations managers "Counselings", Warning

17

1 Letters or Performance Reminders.  A younger courier, ramp
2 transport driver, service agent or operations manager who enters
3 information in reports is less likely to receive a "Counseling",
4 Warning Letters or Performance Reminders for entering inaccurate
5 reports.

6     83.  Hourly employees, including couriers, ramp transport
7 drivers, service agents and operations managers, may be terminated
8 when there are three such letters in his/her file.

9     84.  "Counselings" from management are recorded in writing or
10 electronically in the FedEx OnLine Documented Compliment and
11 Counseling PRISM system.

12     85.  The Defendant FedEx issues "Counselings" to couriers 44
13 and older with ten years of experience at four times the rate that
14 "Counselings" are issued to couriers under 40 years of age with
15 ten years of experience.

16     86.  Upon information and belief, Plaintiffs reasonably
17 believe that the Defendant FedEx uses BP, and Stops-Per Hour to
18 compel and encourage older, experienced couriers and other
19 employees to quit or retire from their employment with FedEx
20 before they attain years of service required for full retiree
21 health benefits.

22     87.  Upon information and belief, Plaintiffs reasonably
23 believe FedEx wants them to quit or be terminated before they
24 reach 65 years of age or older with more than twenty years of
25 experience.

26     88.  FedEx's headquarters issues a fiscal formula, the
27

28                                  18

1 | Permanent/Full-Time Equivalency (P/FTE), to industrial engineers
2 | and senior managers at each station.

3 | 89.   Headquarters issues the P/FTE formula for stations to
4 | lower the station's costs while performing the same tasks.

5 | 90.   In the P/FTE formula, headquarters issues the number of
6 | hours each station has to reduce the costs of its older couriers,
7 | ramp transport drivers and other warehouse employees.

8 | 91.   After receiving the FTE goal from headquarters FedEx
9 | through its managers allocates hours to their employees in a way
10 | that harms its older, more experienced couriers and other hourly
11 | employees.

12 | 92.   FedEx evaluates its station managers based on whether or
13 | not the station adhered to the P/FTE's issued from headquarters
14 | and continually lowered station costs.

15 | 93.   Under the FedEx policy of P/FTE, FedEx rewards managers
16 | who diminish the hours worked by older couriers, ramp transport
17 | drivers, handlers, operations managers to reduce and service
18 | agents to reduce the station's costs. This policy harms older
19 | employees but rewards 95 employees under 44 by increasing their
20 | hours and pay. Managers receive a bonus for adhering to the P/FTE
21 | hrs given to station from FedEx headquarters.

22 | 94.   In 2004 and 2005 managers' performance was reviewed for
23 | effectiveness with P/FTE. The category is "Results for Single
24 | Most Critical Work Objective."

25 | 95.   Managers may be terminated for not meeting "FTEs."   The
26 | FedEx FTE policy has a negative economic impact on employees 44
27 |

28 | 19

1 | and older.

2 | 96.    From 2003-2005 FedEx terminated couriers 40 years of age
3 | and older with 10 or more years of experience at a higher rate
4 | compared couriers under 40 years of age.

5 | 97.    Under the policies first adopted in 1994, FedEx focuses
6 | on it older couriers, and other hourly employees, and gives
7 | intense scrutiny to those injured on the job or who otherwise
8 | require medical absence and FedEx discharges such older employees
9 | disproportionately and also induces them to leave its employment.

10 | 98.    Couriers, ramp transport drivers and service agents who
11 | are injured, for more than 90 days become "displaced employees"
12 | and lose their routes or duties and may be terminated if they do
13 | not find another route or position anywhere within FedEx.

14 | 99.    FedEx has not treated younger couriers, ramp transport
15 | drivers, operations managers and service agents, who have been
16 | injured or who have otherwise required medical absences, with such
17 | scrutiny.

18 | 100. Injured older couriers, ramp transport drivers or
19 | service agents increase station costs and managers frequently
20 | displace them in order to lower station costs.

21 | 101. FedEx terminated employees 44 years of age and older for
22 | the same kind of conduct as younger workers who are not
23 | terminated.

24 | 102.    Under the policies and practices described above,
25 | FedEx has given preference to younger, less experienced couriers
26 | in starting times, assignments of production goals, overtime

27 |

28 | 20

1 || assignments, route assignments, discipline, performance
2 || evaluations and other terms and conditions of employment as
3 || compared to older couriers, including Plaintiffs.

4 || 103. Employment practices that discriminate against older
5 || couriers, ramp transport drivers and service agents and favor
6 || younger couriers, ramp transport drivers and service agents are
7 || the prevailing pattern and practice of FedEx in California.  Upon
8 || information and belief, FedEx has continued to follow employment
9 || practices throughout the United States that favor younger couriers
10 || at the expense of other older hourly employees.

11 || 104. As part of its compensation to couriers, ramp transport
12 || drivers and service agents, FedEx provides a health plan that
13 || assures assistance to the employee in the payment of medical
14 || expenses, drug prescriptions, and dental expenses.  FedEx provides
15 || a Medical Absence Pay and Short Term and Long Term disability
16 || benefits if a courier is sick or injured and unable to work.

17 || 105. FedEx provides a Portable Pension Plan.  FedEx expects
18 || their pension cost to FedEx to increase in 2008.  However, the
19 || FedEx retiree healthcare costs decreased by 18 million dollars
20 || from 2006 to 2007 according the 2007 FedEx Annual Report.

21 || 106. The reduction in retiree healthcare costs harms
22 || Plaintiffs and similarly situated older employees who may be
23 || terminated and therefore will not receive retiree healthcare
24 || funded in whole or in part by FedEx.

25 || 107. Upon information and belief, FedEx has adopted
26 || administrative policies in a discriminatory mannger against older
27 ||
28 || 21

1  couriers, ramp transport drivers, operations managers and service
2  agents to elimination these older workers from its work force,
3  which would reduce its labor costs and the costs of its health and
4  medical benefits, retirement program, and other employee benefit
5  plans as seen in the reduction in retiree health benefits.

6       108. Unless restrained by order of this Court, Defendant will
7  continue to pursue policies and practices that cause Plaintiffs
8  and other similarly situated older couriers to suffer irreparable
9  harm.

10                            **CLAIM ONE**

11          **For Discrimination in Violation of the ADEA**
12           **(On Behalf of All Plaintiffs and the Class)**

13       109. Plaintiffs reassert and reallege paragraphs 1 through
14  109, inclusive, and fully set forth and incorporate said
15  paragraphs herein by reference.

16       110.    Plaintiffs are terminated, retired or employed by
17  the Defendant FedEx and are similarly situated to the class of
18  older couriers, ramp transport drivers and service agents age 40
19  or older.

20       111. The employment practices of FedEx harmed forty-seven
21  Plaintiffs, paragraphs 6,7 and see chart above and Appendix A, by
22  being terminated from their employment with FedEx because of
23  FedEx's unified policy, plan or scheme of discrimination.

24       112. A unified policy, plan or scheme of discrimination is
25  not required for Plaintiffs to satisfy the more liberal "similarly
26  situated" requirement of 29 U.S.C. § 216b. Plaintiffs are
27

28                            22

1 similarly situated when they have similar jobs and perform similar
2 conduct.  All Plaintiffs in Appendix A, B and C are similarly
3 situated in all material respects.

4     113. The Plaintiffs are Couriers, Ramp Transport Drivers
5 (RTD), Service Agents or Handlers.  They perform similar tasks and
6 similar conduct.

| Job | Evaluated by BP | Delivers Packgs. | Pulls from Belt |
|-----|-----------------|------------------|-----------------|
| Courier | YES | YES | YES |
| RTD | YES | YES | YES |
| Handlers | YES | YES (can be couriers and handlers) | YES |
| Ops. Manager | YES | YES | YES |
| Service Agents | YES | No | YES |

14     114. Defendant FedEx's employment practices harmed Plaintiffs
15 Boyd, Stewart, Perkins, Henning, Fuller, Horning and Sarro because
16 they accepted early retirements rather than remaining employed
17 with the Defendant FedEx until they were 62 years of age or older.
18 Plaintiff Mackenzie was harmed by FedEx's employment practices and
19 accepted normal retirement rather than maintaining full-time
20 employment with FedEx.

21     115. Thirty-four Plaintiffs, in Appendix B, who are employed
22 by FedEx are harmed by the ongoing employment practices of FedEx
23 which threaten their employment.

24     116. Plaintiffs and the class of similarly situated older
25 couriers, ramp transport drivers and service agents were all well-
26 qualified to perform the job responsibilities.  Each performed his
27 or her job in a satisfactory manner.

28                                    23

1        117. The employment practices of FedEx described above in
2   paragraphs 1 through 156 harmed/harms Plaintiffs and the class of
3   similar situated older couriers, ramp transport drivers and
4   service agents while favoring younger couriers, ramp transport
5   drivers and service agents who are paid less per hour.  Also FedEx
6   believes couriers, ramp transport drivers and service agents 40
7   and older with 10 or more years of experience are more costly when
8   they are injured because that raises station costs FedEx through
9   the P/FTE forces stations to lower station costs by directly
10  harming older couriers, ramp transport drivers and service agents.
11  The practices so described are not based upon a reasonable factor
12  other than age(RFOA) or bona fide occupational
13  qualifications(BFOQ).

14       118. Defendant has knowingly and purposefully engaged in age
15  discriminatory practices with the full knowledge that in so doing
16  it was discriminating against its older couriers, ramp transport
17  drivers and service agents without regard for the rights of those
18  couriers under the ADEA.

19       119. Defendant has followed the age discriminatory employment
20  practices described above and has shown reckless disregard for the
21  rights of its older couriers, ramp transport drivers and service
22  agents under the ADEA and under relevant provisions of state laws
23  prohibiting age discrimination in employment.

24       120. Defendant has not asserted a reasonable factor other
25  than age as a justification for its age discriminatory practices.
26
27
28                                  24

1

**CLAIM TWO**

2

**For Violation of Cal. Gov. Code § 12940**

3

**(On Behalf of the Class of California Residents)**

4      121. Plaintiffs reassert and reallege paragraphs 1 through

5  109, inclusive, and if fully sets forth and incorporates said

6  paragraphs herein by reference.

7      122. Section 12940 of California's Government Code makes it

8  unlawful:

9      123.      For an employer, because of the . . . age . . . of

10      any person . . . to discharge the person from employment . .

11      . or to discriminate against the person in compensation or in

12      terms, conditions, or privileges of employment.

13      124. There are thousands of couriers, ramp transport drivers

14  and service agents employed by Defendant in the state of

15  California.  On information and belief, at least several hundred

16  of these couriers, ramp transport drivers and service agents are

17  40 or older.

18      125. The practices alleged in paragraphs 12 through 28 are

19  unlawful under California's Fair Employment and Housing laws, Cal.

20  Gov. Code § 12940.  Plaintiffs Hulac, Fingarson, Spinks, Stewart

21  and Fejardo are all over age 40 and seek to represent the class of

22  couriers over 40 years of age who work in California.

23      126. Plaintiff Fingarson has exhausted the administrative

24  requirements of California's Fair Employment and Housing laws.

25      127. The claims of Plaintiffs Hulac, Fingarson, Spinks,

26  Stewart and Fejardo and of other older couriers, ramp transport

27

28                                25

1 drivers and service agents share common questions of fact and law,
2 including whether Defendant intentionally engaged in a pattern or
3 practice of age discrimination against its older couriers, ramp
4 transport drivers and service agents by implementing company-wide
5 employment practices that were intended to and did result in
6 driving older couriers, ramp transport drivers and service agents
7 out of their employment; and whether Defendant engaged in policies
8 and practices that discriminated against couriers, ramp transport
9 drivers and service agents over age 40 that were not required by
10 or consistent with business necessity.

11      128. The claims of Plaintiffs Hulac, Fingarson, Fejardo,
12 Stewart and Spinks are typical of the age discrimination claims of
13 the class they seek to represent.  Plaintiffs are current couriers
14 who have been harassed and discriminated against in the terms and
15 conditions of their employment.  Plaintiffs all claim that
16 Defendant intentionally engaged in a pattern or practice of age
17 discrimination against older couriers, ramp transport drivers and
18 service agents by implementing company-wide plans that were
19 intended to and did drive older couriers, ramp transport drivers
20 and service agents out of the company disproportionately.  The
21 factual issues concerning liability under the state law claim are
22 identical or similar to the issues concerning liability under the
23 ADEA.

24      129. Plaintiffs are adequate representatives of the class
25 they seek to represent because they are not and have never been
26 supervisors or members of management.  There are no conflicts of
27

28                                26

1 interest between them and the class they seek to represent. In
2 addition, Plaintiffs have retained experienced counsel with a
3 multi-state practice in age discrimination matters, collective
4 actions, and other employment discrimination matters.

5       130. The actions taken against Plaintiffs and other older
6 couriers, ramp transport drivers and service agents constitute
7 discrimination under Cal. Gov. Code § 12940.

8       131. As a direct and proximate result of Defendant's
9 deliberate, intentional, and unlawful violation of Plaintiffs'
10 statutory rights, Defendants wrongfully caused Plaintiffs and
11 other older couriers, ramp transport drivers and service agents to
12 lose income and benefits and suffer humiliation and personal
13 embarrassment.

14      132.  The acts committed by Defendant were committed with
15 oppression, fraud, and malice and resulted in emotional distress
16 to Plaintiffs and other older couriers, ramp transport drivers and
17 service agents.

18      133. Defendant has not asserted a reasonable factor other
19 than age as a justification for its age discriminatory practices.
20 Defendant has no bona fide occupational qualification or business
21 necessity to justify the discrimination against its older
22 couriers, ramp transport drivers and service agents.

27

1 **PRAYER FOR RELIEF**

2        Plaintiffs pray for orders requiring the Defendant to notify,
3 in a form to be approved by the Court, all current and former
4 couriers, ramp transport drivers and service agents 40 and over
5 with 10 or more years of experience and who had reached the age of
6 40, before their employment with Federal Express was terminated,
7 of the allegations in this lawsuit and the right to participate in
8 this suit; and

9        Plaintiffs pray for an Order directing the issuance of Notice
10 under the ADEA to couriers, ramp transport drivers and service
11 agents certification age 40 and older of the allegations of age
12 discrimination made with this suit and their right to Opt into
13 this suit; a class certification of FedEx employees employed in
14 California; and

15        Plaintiffs pray for an order preliminarily and permanently
16 enjoining Defendant and its officers, agents, employees,
17 successors and all persons from engaging in employment practices
18 that discriminate against older couriers, ramp transport drivers
19 and service agents on grounds of age, and from following neutral
20 employment practices that have a discriminatory impact against
21 older couriers, ramp transport drivers and service agents, unless
22 the employer can show that such practices are based upon a
23 "reasonable factor other than age" within the meaning of the ADEA.
24 Such an order should enjoin the Defendant from:

25        1) treating older couriers, ramp transport drivers and
26        service agents less favorably than younger couriers in the
27
28                                  28

1  allocation of routes, start times, overtime opportunities,
2  discipline and other terms and conditions of employment;
3  2) terminating or disciplining older couriers, ramp transport
4  drivers and service agents who are absent from work because
5  of injuries or other medical problems while they are
6  recovering from same, in the absence of solid medical
7  evidence that they are disabled from performing the duties of
8  a courier, ramp transport drivers or service agents;
9  3) treating older couriers, ramp transport drivers and
10  service agents less favorably than younger couriers ramp
11  transport drivers and service agents in discipline and other
12  terms and conditions of employment;
13  4) following employment practices such as BPP and Stops-per-
14  hour, issuing "Counselings" and other practices that have a
15  discriminatory impact against older couriers, ramp transport
16  drivers and service agents unless this Court determines that
17  any such practice is based upon a reasonable factor other
18  than age;
19  5) failing or refusing to reinstate older couriers, ramp
20  transport drivers and service agents whose employment was
21  terminated by Defendant because of their age or because of
22  unlawful practices by Defendant which resulted in their
23  separation from employment by Defendant not based upon a
24  factor other than age;
25  6) retaliating against any couriers, ramp transport drivers
26  and service agents who have opposed any discriminatory
27
28                                    29

1    policies or practices, or who have made a charge, testified,

2    assisted, or participated in any manner in an investigation,

3    proceeding, or litigation.

4    Plaintiffs further pray for an award of damages to them and

5    plaintiffs who Opt into this suit for:

6    1) loss of income and the value of fringe benefits as

7    determined by the jury; including the loss of future earnings

8    for those couriers, ramp transport drivers and service agents

9    who have lost their positions with Defendant until such time

10   as they are reinstated or offered reinstatement;

11   2) an award of liquidated damages as determined by the jury;

12   3) an award of punitive damages for violations of FEHA as

13   determined by the jury;

14   4) an award of compensatory damages for violations of FEHA as

15   determined by the jury;

16   5) pre-judgment interest in an amount to be determined;

17   6) costs of litigation, including expenses and attorneys'

18   fees and expert witness fees; and

19   7) such other relief as may be just.

20

21

22

23

24

25

26

27

28                                  30

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: March 19, 2008                ROSE & ROSE, P.C.

                                     Respectfully submitted,

                                     David L. Rose
                                     Earlene W. Rosenberg
                                     Attorneys for PLAINTIFFS

31

**APPENDIX A**

**TERMINATED**

| | Name | Station | Termination Date |
|---|---|---|---|
| 1. | Fred Hulac | STSA | 3/27/52 |
| 2. | Glendora Spinks | POCA | 3/18/53 |
| 3. | Raul Armendariz | FLGA | 10/19/56 |
| 4. | Kelly Martinez | FULA | 9/26/58 |
| 5. | Lori Bernstein | FNLA | 7/21/61 |
| 6. | Delno Clark | BDLA | 3/4/59 |
| 7. | Stephen Megru | SUAA | 2/11/59 |
| 8. | John Pellegren | FMYA | 12/21/53 |
| 9. | Peggy Whitman | FMYA | 4/22/61 |
| 10. | Romas Jasiulevicius | CLWA | 4/10/1962 |
| 11. | Jerome Vanderable | NCQA | 6/25/57 |
| 12. | Rian Takeshita | JHMDA | 9/15/62 |
| 13. | Sherrie Smith | OGGA | 12/14/53 |
| 14. | Edward Medeiros | OGGA | 12/4/55 |
| 15. | Steven Sutterman | Cedar Rapids | 8/2/57 |
| 16. | Jeffrey Long | GAIA | 10/1/62 |
| 17. | Samuel Kudjordji | GAIA | 8/10/53 |
| 18. | Lani Gibbons | FMEA | 5/31/53 |
| 19. | Peter Fay | AYE | 1/28/55 |
| 20. | Michael Kelley | OWDA | 12/26/56 |
| 21. | John Neil | OWDA | 2/23/57 |
| 22. | Kevin Kumm | CEFA | 8/7/56 |
| 23. | Lizzie Middlebrook | DTTA | 3/10/54 |
| 24. | Deborah Ridenhour | DTTA | 5/1/48 |
| 25. | Caroline O'Brien | MKCA | 2/28/62 |
| 26. | Larry Mungiello | TEBA | 6/13/41 |
| 27. | Steven Goldberg | ABQA | 8/16/50 |
| 28. | Maggie Dean | HTOA | 9/13/59 |
| 29. | Sandra Compton | HKYA | 11/11/48 |
| 30. | Michael Dill | HKYA | 9/20/61 |
| 31. | Shryl Weideman | TOL | 7/1/59 |
| 32. | Ronald Adams | DAYA | 1/15/57 |
| 33. | William Watkins,III | PITA | 8/4/47 |
| 34. | Edward Jones | TULA | 12/4/54 |
| 35. | Jeff McEllrath | PDXA | 1/10/54 |
| 36. | Belinda Ryles | PDXA | 4/13/57 |
| 37. | Michael Parks | BNAA | 7/15/58 |
| 38. | Earl Yarborough | NQAA | 12/30/63 |
| 39. | Verna Stanback | NQAA | 11/22/53 |
| 40. | Kenneth Adams | NQAA | 10/2/56 |
| 41. | Esther Harrison | HKA | 10/26/57 |
| 42. | Sandra Mason | HBYA | 9/16/55 |
| 43. | Ricki Stilwell | WALA | 12/20/54 |
| 44. | Kevin Chapman | DCAA | 9/8/62 |
| 45. | Robert Willette | ATWA | 8/23/61 |

**APPENDIX B**

**CURRENTLY EMPLOYED EXPERIENCING**
**ONGOING DISCRIMINATION**

| Name | | Station (State) | | Date of Birth |
|------|---|------|---|------|
| 1. | Kathy Fingarson | NOTA | (CA) | 10/31/53 |
| 2. | Dianna Fejardo | POCA | (CA) | 10/6/52 |
| 3. | Debra Ferrell | POCA | (CA) | 2/23/56 |
| 4. | Linnea Edwards | SRU | (CA) | 9/9/56 |
| 5. | Debbie Johnson | FULA | (CO) | 3/20/59 |
| 6. | Denver Kushihashi | BKFA | (FL) | 7/31/63 |
| 7. | Maria Pleigo | COIA | (FL) | 10/25/47 |
| 8. | Naja Welch | MLBA | (FL) | 7/8/66 |
| 9. | Estate of Dwight Todd | SPIA | (HI) | 6/27/53 |
| 10. | Victor Lanzotti | SPIA | (IL) | 3/5/47 |
| 11. | Bonnie Boston | SPIA | (IL) | 10/2/54 |
| 12. | Barry Barnette | MZZA | (OH) | 8/3/60 |
| 13. | Elizabeth Tucker | MZZA | (OH) | 8/12/54 |
| 14. | Richard Casey | BLMA | (NJ) | 3/1/61 |
| 15. | John Osowski | BLMA | (NJ) | 1/1/58 |
| 16. | Dennis DeNeeza | BLMA | (NJ) | 8/16/51 |
| 17. | Richard Glock | BLMA | (NJ) | 2/20/54 |
| 18. | Michael Addeo | BLMA | (NJ) | 5/11/53 |
| 19. | Francis Phair | BLMA | (NJ) | 3/3/59 |
| 20. | Donald Meyer | BLMA | (NJ) | 8/5/63 |
| 21. | Frank Sarro | BMLA | (NJ) | 3/10/43 |
| 22. | Rocco Notarfrancesco | GMVA | (NJ) | 3/19/57 |
| 23. | David Velenger | PRIA | (NJ) | 12/14/58 |
| 24. | Robert Chabak | WWDA | (NJ) | 5/10/60 |
| 25. | Mike Bruno | WWDA | (NJ) | 3/23/53 |
| 26. | Michael Breitstein | DAYA | (OH) | 8/10/62 |
| 27. | Ellen Brouse | MRIA | (OR) | 7/26/50 |
| 28. | Zeno Latin | VGTA | (OR) | 7/17/57 |
| 29. | Cedric Roane | USCA | (SC) | 11/17/51 |
| 30. | Sarah Dancer | MMR | (TX) | 12/13/53 |
| 31. | Tom Schulz | ATWA | (WI) | 12/7/51 |

**APPENDIX C**

**FORCED TO RETIRE**

| Name | | Station (State) | Date of Birth |
|------|--|-----------------|---------------|
| 1. | William Stewart | STSA (CA) | 3/27/52 |
| 2. | Linnea Edwards | SRU (CA) | 9/9/56 |
| 3. | Richard Boyd | SWFA (FL) | 11/16/48 |
| 4. | Frank Sarro | BMLA (FL) | 3/10/43 |
| 5. | Curley Fuller | PDXA (FL) | 10/6/43 |
| 6. | Paul Horning | GAIA (MD) | 3/21/50 |
| 7. | Rita Perkins | FCMA (MI) | 11/29/51 |
| 8. | D. Ken Mackenzie | WRIA (NJ) | 10/8/39 |
| 9. | David Henning | WWDA (NJ) | 8/11/52 |