Edward J. Efkeman (Admitted *Pro Hac Vice*)
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road, Building B, Third Floor
Memphis, Tennessee 38125
Telephone: 901-434-8555
Fax: 901-434-9271
eefkeman@fedex.com

David S. Wilson, III (Bar No. 174185)
FEDERAL EXPRESS CORPORATION
2601 Main Street, Suite 340
Irvine, California 92614
Telephone: 949-862-4656
Fax: 949-862-4605
dswilson@fedex.com

Attorneys for Defendant
Federal Express Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| HULAC, et al., | No. C 3:08-1557-JSW |
| Plaintiffs, | |
| v. | **DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT** |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant. | |

**ANSWER**

Defendant Federal Express Corporation ("FedEx"), by counsel, answers the numbered paragraphs of the Complaint as follows:

Introduction

1. Defendant admits that Plaintiffs purport to bring this lawsuit seeking relief pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 *et seq.*, the Employee Retirement Income and Security Act (ERISA), 29 U.S.C. § 1140, and the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12900 *et seq.*, but denies that Defendant has violated any provision of these Acts and denies that Plaintiffs are entitled to any relief

whatsoever.  Furthermore, Defendant is unable to ascertain how many Plaintiffs exist and how many are current or former employees of FedEx.  Except as expressly admitted herein, Defendant further denies the remaining allegations contained in Paragraph 1 of the Amended Complaint.

2.     Defendant denies the allegations of Paragraph 2 of the Amended Complaint.

3.     Defendant is without sufficient information to form a belief about the truth of whether all of the individuals listed on Appendix C are California residents the allegations, and therefore Defendant denies same.  Defendant denies the remainder of the allegations of Paragraph 3 of the Amended Complaint.

Jurisdiction

4.     Defendant admits that Plaintiffs seek to bring this action under the acts referenced in Paragraph 1 and to invoke jurisdiction as indicated, although Defendant denies that it has violated any provisions of the ADEA, ERISA, or FEHA.  Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 4 of the Amended Complaint.

Venue

5.     Defendant denies that venue is appropriate in this District, as a related case with virtually identical allegations is currently pending in the U.S. District Court for the Central District of California under the name *Clausnitzer, et al. v. Federal Express Corporation*, No. SACV 05-1269 DOC, and the Central District is therefore the appropriate venue for this action.

Parties

6.     Defendant admits that FedEx is a corporation engaged in the express transportation of packages and freight through an air-and-ground network, and that it does business throughout the United States.

7.     Defendant admits that it is an employer under the definition of 29 U.S.C. § 630(b), 29 U.S.C. § 1002(5), and Cal. Gov't Code § 12926(d).  The remainder of the allegations in Paragraph 7 of the Amended Complaint are so vague that Defendant does not have sufficient information to form a belief about the truth of the allegations, and therefore Defendant denies same.

8.     Upon information and belief, Defendant admits that the individuals listed on Appendices A and B are or were employed by FedEx in an hourly-paid position at some time.

Defendant's Answer and Affirmative Defenses to Amended Complaint – C 08-1557 JSW
Page 2

9.    The allegations of Paragraph 9 do not provide Defendant with sufficient information to form a belief about the truth of the allegations, and therefore Defendant denies same.  Upon information and belief, not all individuals listed on Appendices A and B are 44 years of age or older, either at the time of the end of their employment or at the time the Complaint was filed.

10.    The allegations of Paragraph 10 do not provide Defendant with sufficient information to form a belief about the truth of the allegations, and therefore Defendant denies same.  Upon information and belief, not all individuals listed on Appendices A and B were employed 10 or more consecutive years with FedEx.

11.    Defendant denies the allegations of Paragraph 11 of the Amended Complaint.

12.    Defendant denies the allegations of Paragraph 12 of the Amended Complaint.

13.    Defendant denies that all of the individuals listed on Appendix B are currently employed with FedEx.

14.    Defendant denies the allegations of Paragraph 14 of the Amended Complaint.

15.    Defendant denies that all of the individuals listed on Appendix B are currently employed with FedEx.  The remaining allegations of Paragraph 15 of the Amended Complaint are unintelligible and incomplete and do not provide Defendant with sufficient information to form a belief about the truth of the allegations, and therefore Defendant denies same.

16.    Defendant denies that any of the individuals listed on Appendix A to the Amended Complaint were discriminated against through any FedEx policy.  Defendant admits that none of the individuals on Appendix A were 60 years of age with more than 25 years of experience with FedEx. Defendant denies all remaining allegations of Paragraph 16 of the Amended Complaint.

Facts

17.    Defendant admits the allegations of Paragraph 17 of the Amended Complaint.

18.    Defendant admits the allegations of Paragraph 18 of the Amended Complaint.

19.    Defendant admits the allegations of Paragraph 19 of the Amended Complaint.

20.    Defendant admits that its principal place of business has been Memphis, Tennessee, at all relevant times.

21.    Defendant admits that it has had several hundred stations within Domestic Ground

1    Operations at all relevant times.  Defendant denies all remaining allegations of Paragraph 21 of the

2    Amended Complaint.

3        22.    Defendant admits that it electronically tracks all packages within its delivery system.

4    Defendant explicitly denies all remaining allegations of Paragraph 22 of the Amended Complaint.

5        23.    The allegations of Paragraph 23 of the Amended Complaint are too vague to provide

6    Defendant sufficient information so as to form a belief about the truth of the allegations, and

7    therefore Defendant denies same.  Defendant admits that some FedEx personnel located in

8    Memphis, Tennessee, provide some data and instruction to FedEx personnel outside of Memphis

9    regarding the day-to-day operations of the company, and that some FedEx personnel outside of

10   Memphis access systems at Memphis and other locations regarding the day-to-day operations of the

11   company.  Defendant denies all remaining allegations of Paragraph 23 of the Amended Complaint.

12       24.    Defendant admits that FedEx personnel at station locations provide information to

13   FedEx personnel at Memphis and other locations regarding, among other things, delivery times and

14   drive times required to complete scheduled routes.  Defendant admits that all aspects of delivery

15   routes are monitored and adjusted as necessary by FedEx personnel at the stations and at other

16   locations.  Defendant denies all remaining allegations of Paragraph 24 of the Amended Complaint.

17       25.    Defendant admits that couriers typically start a route by loading packages for delivery

18   from a station and typically return to a station after picking up packages from pickup points.

19   Couriers are typically assigned to a particular station, but may be transferred to another station as

20   needed.  Defendant denies all remaining allegations of Paragraph 25 of the Amended Complaint.

21       26.    Defendant admits that the various job codes encompassed by the "courier"

22   description include job duties of delivering and picking up packages, operating vehicles for delivery

23   and pickup, and selection and inspection of assigned packages.  Defendant denies all remaining

24   allegations of Paragraph 26 of the Amended Complaint.

25       27.    Defendant admits that typically, couriers—whether full time or part time—are

26   assigned to a regular route or routes, but may have other assignments as necessary.  Defendant

27   denies all remaining allegations of Paragraph 27 of the Amended Complaint.

28       28.    Defendant admits that part-time couriers will have the same job duties as a full time

courier in the same job code.  Defendant denies all remaining allegations of Paragraph 28 of the Amended Complaint.

29.    Defendant admits that one of the job duties of a Service Agent is to perform administrative support functions necessary for efficient station operations.  Defendant admits that one of the job duties of an Operations Manager is to supervise couriers.  Defendant admits that one of the job duties of a Ramp Transport Driver is to deliver loads to stations.  Defendant denies all remaining allegations of Paragraph 29 of the Amended Complaint.

30.    The allegations of Paragraph 30 of the Amended Complaint are too vague to provide Defendant sufficient information so as to form a belief about the truth of the allegations, and therefore Defendant denies same.  Defendant admits that FedEx maintains Operations Managers and Senior Managers at most of its stations, who both play various roles in personnel decisions, depending on the decision.  Defendant admits that the number of Operations Managers or Senior Managers varies depending on the size of the station.  Defendant denies all remaining allegations of Paragraph 30 of the Amended Complaint.

31.    Defendant denies the allegations of Paragraph 31 of the Amended Complaint.

32.    Defendant admits that its MBO/PBO planning process is one component through which its managers accomplish the overall goals of the company.  The remainder of the allegations in Paragraph 32 of the Amended Complaint are so vague and ill-defined that Defendant does not have sufficient information to form a belief about the truth of the allegations, and therefore Defendant denies same.

33.    Defendant admits that FedEx maintains various corporate policies that apply to various employee groups, including among others the People Manual that applies to all United States employees of FedEx who are not subject to a collective bargaining agreement; a Go Express manual that applies to all couriers, service agents, and station managers; a People Best Practices manual containing methods applicable to all non-exempt Domestic Ground Operations personnel; a Best Practices for Ground Operations manual containing methods for station operations; and a Courier Best Practices manual containing methods for all couriers in the United States.  Couriers, service agents, and ramp transport drivers have various initial and recurrent required training.  Defendant

1  denies all remaining allegations of Paragraph 33 of the Amended Complaint.

2  34.    Defendant admits that its managers are provided initial and recurrent training at

3  various times at Memphis and at other locations.

4  35.    Defendant admits that each station has periodic budget and performance goals, which

5  differ by station, and could include, among other factors, on time deliveries, reducing costs, or

6  reducing overall hours.  Defendant denies all remaining allegations of Paragraph 35 of the Amended

7  Complaint.

8  36.    Defendant admits that managers at stations have access to various data about the

9  station's performance depending on needs and job duties.  Defendant denies all remaining

10  allegations of Paragraph 36 of the Amended Complaint.

11  37.    Defendant admits that each route has a stops-per-hour goal for each segment of the

12  day that might differ depending on the day of the week, and that managers have access to data about

13  the couriers' performance on each route.  Defendant denies all remaining allegations of Paragraph 37

14  of the Amended Complaint.

15  38.    Defendant admits that couriers are expected to perform their delivery duties

16  satisfactorily, and if they do not, they receive progressive discipline that can culminate in

17  termination of employment.  Defendant denies all remaining allegations of Paragraph 38 of the

18  Amended Complaint.

19  39.    Defendant denies the allegations of Paragraph 39 of the Amended Complaint.

20  40.    Defendant denies the allegations of Paragraph 40 of the Amended Complaint.

21  41.    Defendant admits that stations have budgets for costs of hourly personnel.  Defendant

22  denies all remaining allegations of Paragraph 41 of the Amended Complaint.

23  42.    Defendant denies the allegations of Paragraph 42 of the Amended Complaint.

24  43.    Defendant admits that Policy 2-50 Performance Improvement of the People Manual

25  provides that any employee of FedEx who receives three written notices of deficiency—including

26  Warning Letters or Performance Reminders, but not including Counselings—within a twelve-month

27  period normally has his employment terminated, and that the second written notice should advise the

28  employee of this.  Defendant denies all remaining allegations of Paragraph 43 of the Amended

1  Complaint.

2      44.    Defendant admits that Policy 2-5 Acceptable Conduct of the People Manual provides

3  that any employee of FedEx who receives three written notices of deficiency—including Warning

4  Letters or Performance Reminders, but not including Counselings—within a twelve-month period

5  normally has his employment terminated, and that the second written notice should advise the

6  employee of this.  Defendant also admits that Policy 2-5 allows termination of employment for some

7  policy violations on the first offense.  Defendant denies all remaining allegations of Paragraph 44 of

8  the Amended Complaint.

9      45.    Defendant denies the allegations of Paragraph 45 of the Amended Complaint.

10      46.    Defendant admits that Policy 2-5 Acceptable Conduct of the People Manual provides

11  that any employee of FedEx who receives three written notices of deficiency—including Warning

12  Letters or Performance Reminders, but not including Counselings—within a twelve-month period

13  normally has his employment terminated, and that the second written notice should advise the

14  employee of this.  Defendant also admits that Policy 2-5 allows termination of employment for some

15  policy violations on the first offense.  Defendant denies all remaining allegations of Paragraph 46 of

16  the Amended Complaint.

17      47.    Defendant admits that its managers are familiar with Best Practices methods for

18  couriers, that they ride along with couriers on check rides to evaluate Best Practices, and that

19  managers' observations on a check ride may influence the stops-per-hour for a particular route.

20  Defendant denies all remaining allegations of Paragraph 47 of the Amended Complaint.

21      48.    Defendant denies the allegations of Paragraph 48 of the Amended Complaint.

22      49.    The allegations in Paragraph 49 of the Amended Complaint are so vague and ill-

23  defined that Defendant does not have sufficient information to form a belief about the truth of the

24  allegations, and therefore Defendant denies same.

25      50.    Defendant denies the allegations of Paragraph 50 of the Amended Complaint.

26      51.    Defendant admits that an email from Bill Logue to All DGO Management discussed

27  route reduction and improvement in staffing goals.  Defendant denies all remaining allegations of

28  Paragraph 51 of the Amended Complaint.

Defendant's Answer and Affirmative Defenses to Amended Complaint – C 08-1557 JSW
Page 7

52.     Defendant denies the allegations of Paragraph 52 of the Amended Complaint.

53.     Defendant denies the allegations of Paragraph 53 of the Amended Complaint.

54.     Defendant denies the allegations of Paragraph 54 of the Amended Complaint.

55.     Defendant denies that any of its policies discriminates against any Plaintiff or any employee over 40 years of age.

56.     Defendant denies the allegations of Paragraph 56 of the Amended Complaint.

57.     Defendant admits that its Senior Managers are evaluated in part on how their stations perform, which includes efficient use of personnel and cost measures.  Defendant denies all remaining allegations of Paragraph 57 of the Amended Complaint.

58.     Defendant denies the allegations of Paragraph 58 of the Amended Complaint.

59.     Defendant admits that its managers are evaluated in part on how their stations or workgroups perform, which includes efficient use of personnel and cost measures.  Defendant denies all remaining allegations of Paragraph 59 of the Amended Complaint.

60.     Defendant denies that managers are normally terminated for failing to meet staffing goals.

61.     Defendant denies the allegations of Paragraph 61 of the Amended Complaint.

62.     Defendant admits that its managers are given performance reviews.  Defendant admits that its managers may receive bonuses, and that those bonuses are based in part on the station's performance.  Defendant denies all remaining allegations of Paragraph 62 of the Amended Complaint.

63.     Defendant admits that a station's performance is measured on multiple factors, which include without limitation delivery accuracy, volume, personnel costs, and other costs at the station. Defendant denies all remaining allegations of Paragraph 63 of the Amended Complaint.

64.     Defendant denies the allegations of Paragraph 64 of the Amended Complaint.

65.     Defendant admits that managers at stations are regularly advised by FedEx personnel at Memphis or other locations about factors affecting their budgets.

66.     Defendant admits that FedEx provides a defined benefit plan to full time employees, including without limitation couriers, service agents, operations managers, and ramp transport

1    drivers.  Defendant denies all remaining allegations of Paragraph 66 of the Amended Complaint.

2        67.    Defendant has insufficient information so as to form a belief about the truth of the

3    allegations of Paragraph 67 of the Amended Complaint, and therefore Defendant denies same.

4        68.    The allegations of Paragraph 68 of the Amended Complaint are too nonsensical to

5    provide Defendant sufficient information so as to form a belief about the truth of the allegations, and

6    therefore Defendant denies same.  In particular, contributions to a defined benefit plan are not

7    specifically attributable to any plan participant, and therefore there is not a "refund" associated with

8    a departing participant and no amounts to be "recovered."

9        69.    Defendant admits that FedEx makes available a health care plan for its permanent

10   part time and full time employees, and that the cost to FedEx depends on many factors, including

11   demographics and the age of the plan's population.  Defendant denies all remaining allegations of

12   Paragraph 69 of the Amended Complaint.

13       70.    Defendant has insufficient information so as to form a belief about the truth of the

14   allegations of Paragraph 70 of the Amended Complaint, and therefore Defendant denies same.

15       71.    Defendant admits that FedEx provides the same retiree medical benefit to all

16   permanent part time and full time employees who meet eligibility requirements at retirement, and

17   that FedEx provides a contribution to the cost of retiree health for those eligible employees.

18   Defendant denies all remaining allegations of Paragraph 71 of the Amended Complaint.

19       72.    Defendant admits that FedEx recognizes a liability for future retiree health benefits

20   over the period the employee earns service toward the benefit eligibility.  Defendant denies all

21   remaining allegations of Paragraph 72 of the Amended Complaint.

22       73.    The allegations of Paragraph 68 of the Amended Complaint are too nonsensical to

23   provide Defendant sufficient information so as to form a belief about the truth of the allegations, and

24   therefore Defendant denies same.  In particular, FedEx pays retiree health benefits as they are

25   incurred after retirement.  There is no pre-funding of benefits, and therefore there are no amounts to

26   be "recovered."  The retiree health liability reflected in FedEx's financial statements is measured

27   once annually based upon the eligible employees who are employed or receiving retiree health

28   benefits as of the valuation date.

74.    Defendant admits that its liabilities for retiree healthcare costs decreased from 2006 to 2007, primarily attributable to changes in Financial Accounting Standards valuation assumptions and a comparison of those assumptions to actual experience.  Defendant denies the remainder of the allegations of Paragraph 74 of the Amended Complaint.

75.    Defendant denies the allegations of Paragraph 75 of the Amended Complaint.

76.    Defendant admits that FedEx employees who were accruing benefits under the traditional pension benefit formula began accruing benefits under the portable pension account formula beginning June 1, 2008.  Defendant denies all remaining allegations of Paragraph 76 of the Amended Complaint.

77.    Defendant denies the allegations of Paragraph 77 of the Amended Complaint.

78.    Defendant has insufficient information so as to form a belief about the truth of the allegations of Paragraph 78 of the Amended Complaint, and therefore Defendant denies same. Defendant admits that the increases in benefit value as an employee ages is only one factor in the annual funding cost of the whole plan, and annual funding costs are not determined for individuals but at the whole plan level.

79.    Defendant admits that FedEx makes available a health care plan, a medical absence policy, and a short-term disability plan for its permanent part time and full time employees, and admits that FedEx makes available a long-term disability plan for its permanent full time employees. Defendant denies all remaining allegations of Paragraph 79 of the Amended Complaint.

80.    Defendant has insufficient information so as to form a belief about the truth of the allegations of Paragraph 80 of the Amended Complaint, and therefore Defendant denies same.

81.    Defendant denies the allegations of Paragraph 81 of the Amended Complaint.

82.    Defendant admits that most couriers carry devices that scan information about packages, and that most delivery vehicles are equipped to transmit information from some of these devices.  Defendant denies all remaining allegations of Paragraph 82 of the Amended Complaint.

83.    Defendant admits that the tracking system records a package's activity according to the instructions of the user of the scanning device.  Defendant denies all remaining allegations of Paragraph 83 of the Amended Complaint.

84. Defendant admits that FedEx maintains policies regarding the accuracy of scanning packages, including requirements about when a Proof of Delivery scan is appropriate. Defendant denies all remaining allegations of Paragraph 84 of the Amended Complaint.

85. Defendant denies the allegations of Paragraph 85 of the Amended Complaint.

86. Defendant admits that a FedEx employee's employment will normally be terminated for deliberate falsification of company documents, including but not limited to delivery records.

87. Defendant denies the allegations of Paragraph 87 of the Amended Complaint.

88. Defendant admits that audits of delivery records are not routine and are normally performed only when necessary. Defendant denies the remaining allegations of Paragraph 88 of the Amended Complaint.

89. Defendant denies the allegations of Paragraph 89 of the Amended Complaint.

90. Defendant denies the allegations of Paragraph 90 of the Amended Complaint.

91. Defendant denies the allegations of Paragraph 91 of the Amended Complaint.

92. Defendant denies the allegations of Paragraph 92 of the Amended Complaint.

93. Defendant denies the allegations of Paragraph 93 of the Amended Complaint.

94. Defendant denies the allegations of Paragraph 94 of the Amended Complaint.

95. Defendant denies the allegations of Paragraph 95 of the Amended Complaint.

96. Defendant denies the allegations of Paragraph 96 of the Amended Complaint.

97. Defendant denies the allegations of Paragraph 97 of the Amended Complaint.

98. Defendant denies the allegations of Paragraph 98 of the Amended Complaint.

99. Defendant denies the allegations of Paragraph 99 of the Amended Complaint.

100. Defendant denies the allegations of Paragraph 100 of the Amended Complaint.

101. Defendant denies the allegations of Paragraph 101 of the Amended Complaint.

102. Defendant denies the allegations of Paragraph 102 of the Amended Complaint.

103. Defendant denies the allegations of Paragraph 103 of the Amended Complaint.

104. Defendant denies the allegations of Paragraph 104 of the Amended Complaint.

105. Defendant denies the allegations of Paragraph 105 of the Amended Complaint.

106. Defendant denies the allegations of Paragraph 106 of the Amended Complaint.

1    107.    Defendant denies the allegations of Paragraph 107 of the Amended Complaint.

2    108.    Defendant denies the allegations of Paragraph 108 of the Amended Complaint.

3    109.    Defendant denies the allegations of Paragraph 109 of the Amended Complaint.

4    Collective Action Allegations

5    110.    Defendant denies the allegations of Paragraph 110 of the Amended Complaint.

6    111.    Defendant denies the allegations of Paragraph 111 of the Amended Complaint.

7    112.    Defendant admits that FedEx has and continues to employ thousands of hourly

8    employees over 44 years of age with ten years of service.

9    113.    Defendant denies the allegations of Paragraph 113 of the Amended Complaint.

10    114.    Defendant denies the allegations of Paragraph 114 of the Amended Complaint.

11    Class Allegations – California Class

12    115.    Defendant admits that Fred Hulac, Kathy Fingarson, and William Stewart are current

13    or former employees of FedEx working at a FedEx location in California.  Defendant has insufficient

14    information so as to form a belief about the truth of the remainder of the allegations of Paragraph

15    115 of the Amended Complaint (in part because no Appendix D was attached to the Amended

16    Complaint), and therefore Defendant denies same.

17    116.    The allegations of Paragraph 116 of the Amended Complaint are unintelligible and

18    incomplete and do not provide Defendant with sufficient information to form a belief about the truth

19    of the allegations, and therefore Defendant denies same.

20    117.    Defendant denies the allegations of Paragraph 117 of the Amended Complaint.

21    118.    Defendant denies the allegations of Paragraph 118 of the Amended Complaint.

22    119.    Defendant denies the allegations of Paragraph 119 of the Amended Complaint.

23    120.    [No corresponding paragraph in Amended Complaint.]

24    121.    [No corresponding paragraph in Amended Complaint.]

25    122.    Defendant denies the allegations of Paragraph 122 of the Amended Complaint.

26    123.    Defendant denies the allegations of Paragraph 123 of the Amended Complaint.

27    124.    Defendant denies the allegations of Paragraph 124 of the Amended Complaint.

28    125.    Defendant denies the allegations of Paragraph 125 of the Amended Complaint.

Class Allegations – ERISA Class

126.    Defendant has insufficient information so as to form a belief about the truth of the remainder of the allegations of Paragraph 126 of the Amended Complaint (in part because Appendices D-E were not attached to the Amended Complaint), and therefore Defendant denies same.

127.    Defendant denies the allegations of Paragraph 127 of the Amended Complaint.

128.    Defendant denies the allegations of Paragraph 128 of the Amended Complaint.

129.    Defendant denies the allegations of Paragraph 129 of the Amended Complaint.

130.    Defendant denies the allegations of Paragraph 130 of the Amended Complaint.

131.    Defendant denies the allegations of Paragraph 131 of the Amended Complaint.

132.    Defendant denies the allegations of Paragraph 132 of the Amended Complaint.

133.    Defendant denies the allegations of Paragraph 133 of the Amended Complaint.

Representative Class

Terminated

Plaintiff Fred Hulac – California

134.    Defendant admits that Fred Hulac was terminated for falsification of company records.  Defendant denies the remaining allegations of Paragraph 134 of the Amended Complaint.

135.    Defendant admits that Hulac was terminated for falsification of company records.  Defendant denies the remaining allegations of Paragraph 135 of the Amended Complaint.

Plaintiff Larry Mungiello – New Jersey

136.    Defendant admits that Larry Mungiello was terminated for falsification of company records.  Defendant denies the remaining allegations of Paragraph 136 of the Amended Complaint.

137.    Defendant admits that Mungiello was 64 years old when he was terminated for falsification of delivery records.  Defendant admits that Mungiello received the two Counselings quoted in Paragraph 137 of the Amended Complaint over a year before his termination, but denies any implication that the Counselings were a cause of the termination.  Defendant denies the remaining allegations of Paragraph 137 of the Amended Complaint.

Plaintiff Sandra Mason – Texas

1    138.    Defendant has insufficient information so as to form a belief about the truth of the

2    allegations of Paragraph 138 of the Amended Complaint, and therefore Defendant denies same.  The

3    Sandra Mason with the date of birth listed on Appendix A was never an Operations Manager.

4    139.    Defendant has insufficient information so as to form a belief about the truth of the

5    allegations of Paragraph 139 of the Amended Complaint, and therefore Defendant denies same.

6    Plaintiff Romas Jasiulevicius – Florida

7    140.    Defendant admits that Jasiulevicius was terminated on July 12, 2007, and that he

8    received a Counseling for his attendance rate a year before that.  Defendant admits that a lower rate

9    of attendance was required in prior years, but denies that a different rate was ever used for couriers

10   over 40 and couriers under 40 years of age.  Defendant denies the remaining allegations of

11   Paragraph 140 of the Amended Complaint.

12   141.    Defendant admits that Jasiulevicius received the first quoted Counseling in 2006, a

13   year before his termination, but notes that the quoted Counseling is incomplete and that a minimum

14   rate of 96.9 is included on the Counseling.  Defendant admits that Mike Smyth received the second

15   quoted Counseling in 2000, but denies any implication that the 96.0 standard was different for

16   younger or older couriers.  Defendant also admits that Smyth received another Counseling in 2002

17   noting a 96.9 standard.  Defendant admits that Jasiulevicius received the third quoted Counseling in

18   2006, and also admits that Smyth received an identical Counseling at the same time.

19   Plaintiff Rocco Notarfrancesco – New Jersey

20   142.    Defendant admits that Notarfrancesco repeatedly received Counselings, Warning

21   Letters and Performance Reminders for his repeated poor performance as a courier, but denies any

22   implication that other couriers with similar conduct were treated differently.  Defendant denies the

23   remaining allegations of Paragraph 142 of the Amended Complaint.

24   143.    Defendant admits that Notarfrancesco was terminated for falsification of company

25   records, and that his managers had repeatedly issued Counselings and Performance Reminders to

26   Notarfrancesco for poor performance.  Defendant denies the remaining allegations of Paragraph 143

27   of the Amended Complaint.

28   Still Employed

Defendant's Answer and Affirmative Defenses to Amended Complaint – C 08-1557 JSW
Page 14

Plaintiff Barry Barnett – Indiana

144.    Defendant denies the allegations of Paragraph 144 of the Amended Complaint.

145.    Defendant admits that Barnett received the first quoted Counseling in 2003, and that he received the second quoted Counseling in 2006.

146.    Defendant denies the allegations of Paragraph 146 of the Amended Complaint.

147.    Defendant denies the allegations of Paragraph 147 of the Amended Complaint.  The chart contains numerous inaccuracies in virtually every section, including the addition of individuals that appear no where else in the Amended Complaint or on Appendices A-C.

148.    Defendant admits that Fred Hulac's birth date in the Amended Complaint is consistent with the records of FedEx, that he was employed as a courier for FedEx in its STSA station located in Santa Rosa, California, and that he was employed with FedEx for more than 22 years.  Defendant denies all remaining allegations of Paragraph 148 of the Amended Complaint.

149.    Defendant admits that it terminated Fred Hulac's employment on January 9, 2007. Defendant has insufficient information to form a belief about the truth of the remainder of the allegations of Paragraph 149 of the Amended Complaint, and therefore Defendant denies same.

150.    Defendant has insufficient information to form a belief about the truth of the allegations of Paragraph 150 of the Amended Complaint, and therefore Defendant denies same.

151.    Defendant has insufficient information to form a belief about the truth of the allegations of Paragraph 151 of the Amended Complaint, and therefore Defendant denies same.

152.    Defendant has insufficient information to form a belief about the truth of the allegations of Paragraph 152 of the Amended Complaint, and therefore Defendant denies same.

153.    Defendant denies the allegations of Paragraph 153 of the Amended Complaint.

154.    Defendant denies the allegations of Paragraph 154 of the Amended Complaint.

155.    Defendant admits that it terminated Fred Hulac's employment approximately 11 weeks before Hulac turned 55 years old.  Defendant has insufficient information to form a belief about the truth of the remainder of the allegations of Paragraph 155 of the Amended Complaint, and therefore Defendant denies same.

156.    Defendant denies the allegations of Paragraph 156 of the Amended Complaint.

157.    The allegations of Paragraph 157 of the Amended Complaint are unintelligible and incomplete and do not provide Defendant with sufficient information to form a belief about the truth of the allegations, and therefore Defendant denies same.  To the extent any discriminatory conduct is alleged in Paragraph 157 of the Amended Complaint, Defendant denies such conduct.

Fingarson

158.    Defendant admits that Kathy Fingarson's birth date in the Amended Complaint is consistent with the records of FedEx, that she was employed as a courier for FedEx in its NOTA station located in Petaluma, California, and that earlier was employed as a courier for FedEx in its STSA station located in Santa Rosa, California, and that she was hired by FedEx in 1988.  Defendant denies all remaining allegations of Paragraph 158 of the Amended Complaint.

159.    Defendant denies the allegations of Paragraph 159 of the Amended Complaint.

Stewart

160.    Defendant admits that William Stewart's birth date in the Amended Complaint is consistent with the records of FedEx, that he was employed as a courier for FedEx in its STSA station located in Santa Rosa, California, that he was employed with FedEx for more than 23 years, and that his regular and overtime hours for the years 2004, 2005, and 2006 are accurately set forth in the Amended Complaint.  Defendant denies all remaining allegations of Paragraph 160 of the Amended Complaint.

161.    Defendant denies the allegations of Paragraph 161 of the Amended Complaint.

EEOC Charges – Notice to the Defendant of Allegations of Age
Discriminatory Employment Practices

162.    Defendant denies the allegations of Paragraph 162 of the Amended Complaint.

163.    Defendant denies the allegations of Paragraph 163 of the Amended Complaint.

164.    Defendant denies the allegations of Paragraph 164 of the Amended Complaint.

165.    Defendant denies the allegations of Paragraph 165 of the Amended Complaint.

166.    Defendant admits that Ronald Clausnitzer and Gerald Freeman filed charges with the EEOC in 1997 alleging age discrimination.  Defendant notes that no findings of age discrimination ever resulted from these charges, which have been finally dismissed, and these charges are therefore

irrelevant and cannot constitute notice of claims of violations in this matter.

167.    Defendant admits that a meritless lawsuit was filed in Florida in 1999 alleging nationwide discrimination, but that no class was certified, and that the lawsuit was dismissed with prejudice to the named plaintiffs in that matter.

168.    The allegations of Paragraph 168 of the Amended Complaint are unintelligible and incomplete and do not provide Defendant with sufficient information to form a belief about the truth of the allegations, and therefore Defendant denies same.

169.    Defendant admits that Richard Boyd filed charge number 150-2004-00821 and, on information and belief, that he received a Right to Sue letter in 2005.

170.    Defendant admits that Ronald Clausnitzer and other couriers filed charges with the EEOC in 1997 alleging a pattern of age discrimination.  Defendant notes that no findings of a pattern of age discrimination ever resulted from these charges, which have been finally dismissed, and these charges are therefore irrelevant and cannot constitute notice of claims of violations in this matter.

171.    Defendant denies the allegations of Paragraph 171 of the Amended Complaint.

172.    Defendant admits that Raul Armendariz filed charge number 540-2007-01910. Defendant has insufficient information to form a belief about the truth of the remainder of the allegations of Paragraph 172 of the Amended Complaint, and therefore Defendant denies same.

173.    Defendant admits that Jeff McEllrath filed charge number 551-2006-00517. Defendant has insufficient information to form a belief about the truth of the remainder of the allegations of Paragraph 173 of the Amended Complaint, and therefore Defendant denies same.

174.    Defendant admits that Michael Parks filed charge number 494-2007-01495. Defendant has insufficient information to form a belief about the truth of the remainder of the allegations of Paragraph 174 of the Amended Complaint, and therefore Defendant denies same.

175.    Defendant admits that Michael Breitenstein filed charges with the EEOC and/or the Ohio Civil Rights Commission, but Defendant denies the remainder of the allegations of Paragraph 175 of the Amended Complaint.

176.    Defendant admits that Fred Hulac filed charge number 550-2008-00613.  Defendant has insufficient information to form a belief about the truth of the remainder of the allegations of

Paragraph 176 of the Amended Complaint, and therefore Defendant denies same.

177.    Defendant admits that Kathy Fingarson filed a charge with the EEOC and/or the California Department of Fair Employment and Housing.  Defendant has insufficient information to form a belief about the truth of the remainder of the allegations of Paragraph 177 of the Amended Complaint, and therefore Defendant denies same.

178.    Defendant admits that David Williams filed a charge with the EEOC in 2007. Defendant has insufficient information to form a belief about the truth of the remainder of the allegations of Paragraph 178 of the Amended Complaint, and therefore Defendant denies same.

179.    Defendant admits the allegations of Paragraph 179 of the Amended Complaint.

180.    Defendant has insufficient information to form a belief about the truth of the allegations of Paragraph 180 of the Amended Complaint, and therefore Defendant denies same.

181.    Defendant admits that Wilma Goree filed a charge with the EEOC in 2005 and received a Right to Sue letter for that charge in 2005, and that Goree filed a second charge in 2006 and requested a Right to Sue letter in 2007, which was issued.  Defendant has insufficient information to form a belief about the truth of the remainder of the allegations of Paragraph 181 of the Amended Complaint, and therefore Defendant denies same.

182.    Defendant admits that Kenneth Kumm filed a charge with the EEOC in 2005 and that a Right to Sue letter was issued in 2006.  Defendant has insufficient information to form a belief about the truth of the remainder of the allegations of Paragraph 182 of the Amended Complaint, and therefore Defendant denies same.

183.    Defendant admits that Edward Jones filed a charge with the EEOC in 2007. Defendant has insufficient information to form a belief about the truth of the remainder of the allegations of Paragraph 183 of the Amended Complaint, and therefore Defendant denies same.

184.    Defendant has insufficient information to form a belief about the truth of the allegations of Paragraph 184 of the Amended Complaint, and therefore Defendant denies same.

185.    Defendant has insufficient information so as to form a belief about the truth of the allegations of Paragraph 185 of the Amended Complaint (in part because no Appendix D was attached to the Amended Complaint), and therefore Defendant denies same.

<u>Claim One</u>
For Discrimination in Violation of the ADEA
(On Behalf of All Plaintiffs and the Class)

186.    Defendant hereby incorporates its answers above to Paragraphs 1 through 191 [sic] of the Amended Complaint.

187.    Defendant denies the allegations of Paragraph 187 of the Amended Complaint.

188.    Defendant denies the allegations of Paragraph 188 of the Amended Complaint.

189.    Defendant denies the allegations of Paragraph 189 of the Amended Complaint.

190.    Defendant denies the allegations of Paragraph 190 of the Amended Complaint.

191.    Defendant denies the allegations of Paragraph 191 of the Amended Complaint.

192.    Defendant denies the allegations of Paragraph 192 of the Amended Complaint.

193.    Defendant denies the allegations of Paragraph 193 of the Amended Complaint.

194.    Defendant denies the allegations of Paragraph 194 of the Amended Complaint.

195.    Defendant denies the allegations of Paragraph 195 of the Amended Complaint.

196.    Defendant denies the allegations of Paragraph 196 of the Amended Complaint.

197.    Defendant denies the allegations of Paragraph 197 of the Amended Complaint.

198.    Defendant denies the allegations of Paragraph 198 of the Amended Complaint.

199.    Defendant denies the allegations of Paragraph 199 of the Amended Complaint.

200.    Defendant denies the allegations of Paragraph 200 of the Amended Complaint.

201.    Defendant denies the allegations of Paragraph 201 of the Amended Complaint.

202.    Defendant denies the allegations of Paragraph 202 of the Amended Complaint.

203.    Defendant denies the allegations of Paragraph 203 of the Amended Complaint.

<u>Claim Two</u>
For Violation of Cal. Gov't Code § 12940
(On Behalf of the Class of California Residents)

204.    Defendant hereby incorporates its answers above to Paragraphs 1 through 191 of the Amended Complaint.

205.    Paragraph 205 of the Amended Complaint does not allege a statement that can be answered, and Defendant therefore denies same.

123.    Paragraph 206 of the Amended Complaint does not allege a statement that can be

1    answered, and Defendant therefore denies same.

2         207.    Defendant admits the allegations of Paragraph 207 of the Amended Complaint.

3         208.    Defendant denies the allegations of Paragraph 208 of the Amended Complaint.

4         209.    Defendant denies the allegations of Paragraph 209 of the Amended Complaint.

5         210.    Defendant denies the allegations of Paragraph 210 of the Amended Complaint.

6         211.    Defendant denies the allegations of Paragraph 211 of the Amended Complaint.

7         212.    Defendant denies the allegations of Paragraph 212 of the Amended Complaint.

8         213.    Defendant denies the allegations of Paragraph 213 of the Amended Complaint.

9         214.    Defendant denies the allegations of Paragraph 214 of the Amended Complaint.

10        215.    Defendant denies the allegations of Paragraph 215 of the Amended Complaint.

11        216.    Defendant denies the allegations of Paragraph 216 of the Amended Complaint.

12        217.    Defendant denies the allegations of Paragraph 217 of the Amended Complaint.

13        218.    Defendant denies the allegations of Paragraph 218 of the Amended Complaint.

14                          Claim Three
                    For Violation of ERISA § 510
15

16        219.    Defendant hereby incorporates its answers above to Paragraphs 1 through 191 of

17   the Amended Complaint.

18        220.    Defendant admits the allegations of Paragraph 220 of the Amended Complaint.

19        221.    Defendant denies that all Plaintiffs have been eligible to participate in plans

20   qualified under ERISA.

21        222.    Defendant denies the allegations of Paragraph 222 of the Amended Complaint.

22        223.    Defendant denies the allegations of Paragraph 223 of the Amended Complaint.

23        224.    Defendant denies the allegations of Paragraph 224 of the Amended Complaint.

24        225.    Defendant denies the allegations of Paragraph 225 of the Amended Complaint.

25        226.    Defendant denies the allegations of Paragraph 226 of the Amended Complaint.

26        227.    Defendant denies the allegations of Paragraph 227 of the Amended Complaint.

27        228.    Defendant denies that any Plaintiff is entitled to any relief whatsoever under ERISA

28   or under any theory.

229.    Defendant denies any allegation in Paragraphs 1 through 133 of the Amended Complaint that are not specifically admitted in the preceding Paragraphs 1 through 133 of this Answer.

230.    To the extent that the Prayer for Relief in the Amended Complaint states any allegations or requires any answer, Defendant hereby denies any and all factual allegations in the Prayer for Relief and denies that any Plaintiff is entitled to any relief in this matter.  Defendant denies that class certification is appropriate, that any injunctive or equitable relief is warranted, or that any monetary damages are appropriate in this matter.

## AFFIRMATIVE AND OTHER DEFENSES

231.    Defendant avers that venue is not proper in this district.

232.    Defendant avers that Plaintiffs have failed to state a claim upon which relief can be granted.

233.    Some or all of Plaintiffs' claims are barred by the doctrines of res judicata or collateral estoppel.

234.    Defendant avers that Plaintiffs have failed to mitigate damages, if any.  To that extent, Plaintiffs may not recover from Defendants.

235.    Plaintiffs' damages, if any, should be offset by any subsequent earnings or benefits and by any damages caused by Plaintiffs to Defendant.

236.    With regard to some or all of the matters alleged in each purported cause of action in the Amended Complaint, Plaintiffs are guilty of unclean hands.

237.    By their own inequitable conduct with respect to the matters alleged in their Amended Complaint, Plaintiffs are estopped from asserting some or all of the claims in their Amended Complaint.

238.    At all times referred to in the Amended Complaint, Defendant dealt with Plaintiffs in good faith and in no way acted wantonly, maliciously, or oppressively.

239.    Because of Plaintiffs' negligence or improper conduct, acts or omissions, each of Plaintiffs' purported causes of action is barred by the doctrine of waiver.

240.    Defendant avers that some Plaintiffs have failed to file a timely charge of

1  discrimination with respect to any act alleged to have occurred more than 300 days from the filing

2  of the charge of discrimination with the Equal Employment Opportunity Commission or other

3  state agency and therefore the court lacks jurisdiction of the subject matter of such alleged acts.

4      241.    Defendant avers that some Plaintiffs have failed to file a timely charge of

5  discrimination with respect to any act alleged to have occurred more than 180 days from the filing

6  of the charge of discrimination with the Equal Employment Opportunity Commission or other

7  state agency and therefore the court lacks jurisdiction of the subject matter of such alleged acts.

8      242.    Defendant avers that some Plaintiffs have not filed an EEOC Charge at least 60

9  days prior to initiating this suit, as required by the 29 U.S.C. § 626, or within the earlier of 300

10  days after the alleged unlawful practice occurred or thirty days after they received notice of the

11  terminations of state law proceedings as required by 29 U.S.C. § 626.

12      243.    Defendant avers that some Plaintiffs may not bring this suit because they have not

13  exhausted their state remedies as required by 29 U.S.C. § 633(b).

14      244.    Defendant avers that this action and the remedies sought are barred by the failure of

15  Plaintiffs to comply with all conditions precedent to the commencement of this action.

16      245.    Defendant avers that some or all of Plaintiffs' claims are barred by Plaintiffs'

17  failure to exhaust administrative remedies.

18      246.    Defendant avers that this action and the remedies sought are barred by Plaintiffs'

19  failure to comply with the applicable provisions of any applicable state discrimination laws,

20  including, but not limited to, the California Fair Employment and Housing Act.

21      247.    Defendant avers that Plaintiffs are estopped and barred from alleging in this action

22  matters that were not properly alleged or within the scope of charges timely filed with the Equal

23  Employment Opportunity Commission or any applicable state agency.

24      248.    Defendant avers that its actions with respect to Plaintiffs were based upon valid

25  business reasons not related to Plaintiffs' age or any other unlawful basis.

26      249.    Defendant avers that at all times relevant to this suit it has acted in good faith with

27  regard to Plaintiffs and had reasonable grounds for believing its actions were not in violation of

28  any law.

250.    Defendant avers that Plaintiffs' claims for liquidated damages are barred because they cannot prove by clear and convincing evidence that Defendant acted with actual malice or willfulness to them or anyone else.

251.    Plaintiffs' claims for liquidated damages are barred since the act or omission giving rise to this action was in good faith and Defendant has reasonable grounds for believing that its act or omission was not a violation of the ADEA or any state law.

252.    The employment decisions or actions of which Plaintiffs complain were based on reasonable factors other than age.

253.    The employment decisions or actions of which Plaintiffs complain were based upon a bona fide seniority system.

254.    The employment decisions or actions of which Plaintiffs complain were based upon a bona fide employment benefit plan.

255.    Any claims under state law are preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1144 *et seq*.

256.    To the extent Plaintiffs are entitled to any benefits, which is denied, the proper remedy would be a declaratory judgment or order to pay benefits pursuant to the terms of the Plan, rather than an award of damages or other direct monetary relief.

257.    Plaintiffs are not entitled to punitive, compensatory or other extra-contractual damages under the substantive provisions of the Employee Retirement Income Security Act.

258.    Under no circumstances will Plaintiffs be entitled to an award of any attorneys' fees or costs incurred in the administrative process or prior to the filing of this action.

259.    Any discipline or discharge of which Plaintiffs complain was based upon good cause.

260.    Defendant avers that Plaintiffs' alleged harassment claims are barred by Plaintiffs' failure to report the alleged acts of harassment to a representative of Defendant.

261.    Defendant avers that, in the event that any of the allegations of unlawful conduct contained in the Amended Complaint are found to have merit, Defendant took prompt and effective action to remedy any such acts and has no liability for them.

262.   Defendant avers that it exercised reasonable care to prevent and correct promptly any harassing behavior.

263.   Defendant avers that Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant, or to avoid harm otherwise.

264.   Defendant cannot be held liable for the actions of its employees that it neither authorized nor ratified.

265.   Some or all of Plaintiffs do not have standing to pursue the asserted claims or represent a class on asserted class claims.

266.   Defendant avers that the Complaint and each cause of action set forth therein are barred, in whole or in part, by the applicable statutes of limitation but not limited to Code of Civil Procedure sections 338, 340, and California 343.

267.   Defendant avers that the provision of California law allowing for the award of punitive damages and the substantive rules, procedures and standards for determining whether or not to award them and, if so, in what amount, violate FedEx's rights to due process and equal protection under the law pursuant to both the United States and California Constitutions.

268.   The employment decisions or actions of which Plaintiffs complain were based upon a Bona Fide Occupational Qualification.

269.   The applicable decisions regarding Plaintiff's claim were fair, reasonable, based on substantial evidence, consistent with the intent of the Plan, and within the decision-maker's discretion as provided under the terms of the Plan.

270.   The determinations and interpretations of Plaintiff's claim were the correct and best determinations and interpretations of Plan terms and available evidence.

271.   Plaintiff's claims are barred by the unambiguous terms of the Plan.

272.   The employment decisions or actions of which Plaintiffs complain were based upon a valid and lawful voluntary early retirement incentive plan.

273.   Defendant reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

1    WHEREFORE, having fully answered, Defendant prays that this Court enter judgment in

2  its favor, including reasonable costs, attorneys' fees, and such other relief as may be just and

3  proper.

4

5  Dated: June 5, 2008

6                                        ___/s/ Edward J. Efkeman_____

7                                        Edward J. Efkeman (Admitted *Pro Hac Vice*)
                                         David S. Wilson, III (Bar No. 174185)
8                                        FEDERAL EXPRESS CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>PROOF OF SERVICE</u>

2

**STATE OF TENNESSEE, COUNTY OF SHELBY**

3

4          I hereby certify that on June 5, 2008, I electronically filed Defendant Federal Express Corporation's Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

5

6

7          David L. Rose
           daver@roselawyers.com
           Earlene W. Rosenberg
8          erosenberg@roselawyers.com
           ROSE & ROSE, P.C.
9          1320 19th Street, N.W.
           Suite 601
10         Washington, DC 20036
           202-331-8555

11

12

13                                     _/s/ Edward J. Efkeman_____
                                       Edward J. Efkeman
14                                     Attorney for Defendant
                                       Federal Express Corporation
15                                     3620 Hacks Cross Road
                                       Building B, Third Floor
16                                     Memphis, TN  38125
                                       Tel. No. (901)434-8555
17                                     Email:  eefkeman@fedex.com

18

19

20

21

22

23

24

25

26

27

28

Defendant's Answer and Affirmative Defenses to Amended Complaint – C 08-1557 JSW
Page 26