David L. Rose (DCB 376379)
Daver@Roselawyers.com
Joshua N. Rose (DCB 420606) *Pro Hac Vice Application Pending*
Josh@Roselawyers.com
Earlene W. Rosenberg (DCB 974273) *Pro Hac Vice Application Pending*
Erosenberg@roselawyers.com
**ROSE & ROSE, P.C.**
1320 19th Street, N.W., Suite 601
Washington, D.C. 20036
Telephone: (202) 331-8555
Facsimile: (202) 331-0996

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED HULAC and 95 other Plaintiffs on their behalf and on behalf of others others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>Defendant. | CASE NO. 08-01557 JSW<br><br>**PLAINTIFFS OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE to the Central District**<br><br>Oral Argument July 11, 2008<br><br>**Collective Action under the ADEA**<br><br>**Class Action under the FEHA**<br>**Class Action under ERISA** |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

**INTRODUCTION**

Defendant "FedEx" asks this Court to transfer this case from this District to the Central District of California, although it does not assert that this Court is an "inconvenient" forum. Venue in this District is proper because Defendant FedEx does business in this District and because at least five of the Plaintiffs were employed by FedEx and were harmed in this District. Fed Ex's motion to transfer should be denied. 28 U. S. C. 1391(c); 29 U.S.C. 1132(e); and

*Passaantino v. Johnson & Johnson,* 212 F.3d 493, 504 (9th Cir. 2005).

## FACTS

The ninety-six Plaintiffs in the Amended Complaint are from more than 20 different states. They allege that Federal Express follows age discriminatory practices in violation of the Age Discrimination in Employment Act (ADEA) and harms its older workers by denying them the opportunity to obtain a full retirement in violation of Employee Retirement Income and Security Act (ERISA), 29 U. S. C. 1132 and 1140. They bring their suit against FedEx under the ADEA as a collective action under that provision of Federal law. They bring an ERISA class action. Collective actions are encouraged under the ADEA, because the Congress intended to give employees and former employees the right to bring a collective action, not only to reduce the costs for each plaintiff but also in the interests of judicial economy, by having many claims resolved in one proceeding on liability. *Hoffman La Roche v. Spaulding,* 493 U. S. 165, (1989).

Defendant Federal Express Corp. ("FedEx") "is a Delaware Corporation with its principal place of business in Tennessee" and "its witnesses are primarily located in Memphis, Tennessee as well as various relevant computerized corporate records" Defendant's Mo. to Transfer Venue at page 3. However, it has a Bay Area District Office in San Mateo County and 25 stations within this judicial District.[1]

Insofar as it seeks a change of venue, the only convenience factor asserted by FedEx is that its "counsel has offices in Memphis and Irvine California." FedEx also appears to rely upon the fact that Rose & Rose, PC represented couriers Clausnitzer, Contreras, Kubicki, Martinez, and Mitchell in *Clausnitzer, et al v. Federal Express Corp.,* No. SAC 05-CV-1269 (Anx). See Motion to Transfer Venue at 2-3.

Defendant FedEx does not assert that venue is this forum is improper or inconvenient for

---

[1] Information on the number of stations was derived from data FedEx produced in discovery FedEx 3/2/2007 and 28 U.S.C. 84.

2

it. As a Corporation that does business in this District, Defendant FedEx "is deemed to reside in any judicial district in which it is subject to personal jurisdiction." 29 U. S. C. 1391(c).

Defendant's 25 stations in this jurisdictional District are places where the Defendant employs couriers, ramp transport drivers and other hourly personnel and managers, who pick up and deliver packages throughout the area assigned by FedEx to that station. Am. Complaint paras. 21, 22, 23, 24, 25, 26, 27, 29, and 30.

Venue in this District is "proper" venue and Defendant apparently so concedes, because it has not filed a motion to dismiss for improper venue. See Rule 12(b)(3). Federal Express Corporation accepted service of the Complaint, without allegation that the venue was improper.

Defendant's motion is without merit. Plaintiffs Hulac, Edwards, Fingerson, Gray and Stewart have been employed by Defendant at stations in the Bay Area who have suffered harm in this District, they assert, because of the Defendant's age discriminatory conduct here. See, Amended Complaint at para. 102-108.

## ARGUMENT

1. <u>Plaintiff Chose This District and Defendant Has Shown No Inconvenience Warranting Transfer.</u>

As the courts have recognized, "..great weight is generally accorded to the plaintiff's choice of forum." *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987), unless the defendant makes a showing that the "operative facts have not occurred with the forum and the forum has no interest in the parties or the subject matter" for at least five couriers the operative facts occurred here and this forum has an interest in the parties and the subject matter. *Lou v. Belzberg, supra,* 834 F.2d at 740.

"The defendant must make a strong showing of inconvenience in order to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986); *Tribal Fusion, Inc. v. Click Here, Inc.,* 2005 WL2008022 (N.D.

3

Cal. 2005); *Tamashira v. Harvey,* 487 F. Supp. 2d 1162, 1165 (D. Hawaii 2006).

Defendant states: "Given that FedEx is not incorporated in, nor a resident of California...it is more convenient and would further the interest to have the case venued in the Central District..." Defendant's Motion to Transfer Venue, page 3. No authority is cited for that statement by the Defendant. It falls far short of the showing of inconvenience required to justify transfer.

Defendant's unsupported assertion is erroneous. For if a corporation does business in this District and it has offices or stations where it carried out contracts in this District, it is treated as a resident of the California for purposes of venue. 28 U. S. C. 1391(c), *Myers v. Bennett Law Offices,* 238 F. 3d 1068, 1075 (9th Cir. 2001)(quoting from that provision of Title 28). "A corporation may be sued in any judicial district in which it is licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." Congress has authorized suit in this District under 28 U.S.C. 1391 (c).

Defendant Fed Ex concedes that the Central District is no more convenient to it than this District. It states:"the convenience of the parties and witness will not be affected by a transfer from the Northern District to the Central District." Memo. of Defendant Federal Express Corp. at 9 and 10.

Congress has provided alternate forums "to afford citizens full and easy redress of civil rights grievances." *Passaantino v. Johnson & Johnson,* 212 F.3d 493, 504 (9th Cir. 2000); *Richardson v. Alabama State Board of Education,* 935 F.2d 1240, 1248 (11th Cir. 1991).

In addition district courts "have supplemental jurisdiction over all other claims that are so related to the claims in the action ...that they form part of the same case or controversy under Article III of the United States Constitution." 28 U. S. C. 1367(a). The claims under Count Two of the Amended Complaint for violations of the law of California are such supplemental claims.

The Defendant's motion and memorandum also ignore the pension claims brought by the Plaintiffs under the ERISA in this case. Those claims under ERISA were not asserted by the

4

Plaintiffs in the *Clausnitzer* case, *supra,*, or in *Holowcki et al. v. Federal Express Corporation*, ___U. S.___, 128 S. Ct. 11247, now pending on remand in the District Court for the Southern District of New York, No. 02-cv-03355 JSR. Insofar as the Defendant asserts that the claims in the Amended Complaint are the same as asserted in *Clausnitzer*, Defendant errs.

Under ERISA, suit may be brought in any district court where "a Defendant resides or may be found." 29 U. S. C. 1132(e)(2), see also Sec. 502(e)(2), 29 U. S. C. 1132(e)(2); *Varsic v. District Court for the Central District of California*, 607 F. 2d 245, 248249 (1979). FedEx resides here and was found here, so this Court may hear and decide the claims of the Plaintiffs under ERISA, as well as those under the ADEA and under the California FEHA.

Under the 28 U.S.C. 1391(c), and 29 U.S.C. 1132, the Plaintiffs have the right to select the forum "independently of the wishes of the defendant." *Hoffman, et al v. Blaski, et al*, 363 U. S. 335 (1960). "'If when a suit is commenced, plaintiff has a right to sue in the district court, independently of the wishes of the defendant, it is a district 'where (the action) may have been brought.' If he does not have that right, independently of the wishes of defendant, its is not a district 'where it might have been filed..'" *Hoffman, et al v. Blaski*, 363 U.S. 3335, 343-44 (1960).

Defendant's motion is based upon the erroneous assumption that the ADEA does not authorize this Court to rule on the claims of the ninety-six Plaintiffs in this case to select this Court as the forum for resolution of their claims under the ADEA, with ERISA without the concurrence of the Defendant.

Defendant Fed Ex argues that "under 28 U. S. C. 1404(a), courts must balance the plaintiffs choice of forum against the burden of litigating in an inconvenient forum." Argument of Defendant at 5.

However, there is no need to weigh the considerations for or against this forum, because Plaintiff had the right under the ADEA 29 U.S.C. 626 and ERISA and under 28 U. S. C. 1391(c) to chose a forum where Defendant does business, and to do so without considering the wishes of the Defendant. *Hoffman v. Blaski, supra*, 363 U. S. at 344. Accord: *Varsic v. District Court for*

5

*the Central District of California, supra*, 607 F.2d at 248-249.

FedEx has readily available attorneys located in California who have represented FedEx in litigation with this District in large class proceedings and other cases involving only one plaintiff or a few plaintiffs. FedEx also has attorneys from headquarters in Memphis represent it in this District. FedEx established an office for attorneys in Irving, California a few years ago near the Central District.

Below are at least seven cases against FedEx in this District and the five attorneys who represented FedEx:

1. Christopher Yost, a FedEx employee, represented FedEx in cases:
   *Anderson v. FedEx*, 08-01441 (SI), *Evans v. FedEx*, 08-01005 (EDL);
   *Tucker v. FedEx*, 07-04480 (MHP); *Satchell v. FedEx*, see paragraph below

2. David Sidney Wilson III, a FedEx employee, represented FedEx in:
   *Collins v. FedEx*, 07-0132 (JW) and

3. Frederick Douglas, a FedEx employee who represented FedEx in *Satchell v. FedEx*, see paragraph below,
4. Francis J Ortman III,
5. Gilmore Diekmann, Jr. and
6. Patricia H. Cullison represented FedEx in:
   *Evans v. FedEx, et al*, 07-05484 (BZ).

7. Barak Babcock, 8. George Riley, 9. Sandra Colene Isom, Jr, 10. Cynthia Collins, 11.David Billions, 12. Craig C. Conley, 13. Jay Grytdahl, 14. Jeana M. Literll, 15. Kathy L. Laizure, 16. Richard McConnell, 17. T. Robert Reid and 18. Terrence O'Neal Reed are attorneys employed by FedEx who represented FedEx in the Northern District of California in the following two cases:
   *Satchell v. FedEx.* C03-2659 (SI); C03-2878 (SI) (class action settled on August 14, 2007);

   *Satchel v. FedEx*, C04-0098 (SI).

Attorneys at law Gilmore Deikman, Francis Ortman, Patricia Cullison, Kimili Dawson, Tom Jerman and David Reis are attorneys in San Francisco are not employed by FedEx but they have represented FedEx in cases in this District.

Several of the above listed attorneys have represented FedEx in more than one matter before the Northern District of California. Plaintiffs counsel and witnesses can easily travel to this Court. Lead lawyer Efkeman can travel to this Court from Memphis, Tennessee as

6

economically and quickly as to the Central District.

FedEx appears to argue it is more convenient for them to litigate in the Central District of California because they have a law office in Irvine, California. It would be an error to give weight to the location of counsel, rather than witnesses. *In re Horseshoe Entertainment*, 337 F.3d 429 (5th Cir. 2003) *cert denied sub nom. Rogers v. Horseshoe Entertainment*, 540 U.S. 1049 (2003). The Fifth Circuit held that the lower court erred in relying on the "irrelevant and improper" factor of the location of counsel. Id. at 434.

2. <u>Venue with this District is Proper because Defendant Does Business in this District and at Least Five Plaintiffs Resided and Were Employed by the Defendant in This District.</u>

Plaintiff Hulac was employed at STSA (CA) District in Santa Rosa, as were Plaintiffs Stewart and Gray. Plaintiff Kathy Fingerson was employed at the NOTA(CA) Station in Petaluma and Plaintiff Edwards was employed by FedEx at its SRU station in Santa Cruz. Each of these Plaintiffs worked in this District and resided in this District and were harmed by the age discriminatory conduct of Defendant and the alleged termination of their employment or reduction in retirement benefits. In addition Plaintiff David Williams was employed by FedEx in San Joaquin County. Plaintiffs Fred Hulac and Kathy Fingarson filed class charges with the EEOC of under the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621 et seq., and the FEHA, Cal. Gov't. Code § 12940.

The five Plaintiffs in *Clausnitzer, et al v. Federal Express Corp.*, No. 05-cv-1269 C.D.Cal. are not Plaintiffs in this case. See Amended Complaint and Appendices. In addition, there is no final order in that case as yet. The 64 Plaintiffs whose claims were dismissed without prejudice by Judge Carter would have had to start a separate case even if they had filed in that District.[2]

---

[2] Defendant Fed. Ex Corp sought dismissal in *Clausnitzer, et al.* Although Judge Carter entered an order granting summary judgment to Defendant FedEx on the claims of the five plaintiffs in that case, those Plaintiffs, represented by this Firm, filed a motion to alter or amend that order, which is still pending before Judge

7

This case is unlike the ruling in *Forrand, et al v. Federal Express Corporation*, No. 07-4674, Ex. D. relied upon by the Defendant at pages 8-9. In that case was brought by four employees seeking relief for violations two provisions of California wage and hour law. Ex. D pages 1-2. No claims were filed under ERISA or the ADEA.

In that case three of the four plaintiffs had filed an earlier suit in the Central District but had missed the date set in the scheduling order for filing a motion for class certification under Rule 23. When the District Court denied their motion to amend the scheduling order, they moved for a voluntary dismissal of their case in the Central District without prejudice, which was granted. They filed an amended complaint joining them with *Forrand* in the case in this district.

The District Court gave "less weight" to the choice of forum of the four plaintiffs in that case because "the operative facts did not occur in this district" citing and relying upon *Lou v. Belzberg*, 834 F.2d 530, 703 (9th Cir. 1987). In fact, the operative facts had occurred for the four Plaintiffs in the Central District and the Eastern District, but not in this District.

There is no good reason to bar the 64 Plaintiffs who attempted to join the *Clausniter, supra*, from participation as full Plaintiffs in this case. The ADEA, 29 U.S.C. 626(b), authorizes participation for similarly situated persons as a plaintiff by signing a statement joining the suit. *Hoffman La Roche v. Spaulding*, 493 U.S. 165, (1989). In addition to the fact that the ADEA fosters collective proceedings which are not subject to class actions under Rule 23, that case is different than *Forrand* because the operative facts with respect to at least five or the plaintiffs here, including Hulac, occurred in this District. and because they have direct claims for violations of the ADEA and ERISA that harmed them here. And each of the other plaintiffs claims present issues of fact and law about the allegations of age and pension discrimination in violation of federal law. The fact that they attempted to "opt-in" to the *Clausnitzer* case under the ADEA collective action provisions does not prevent their participation as parties in this action. It is irrelevant to the venue question.

---

Carter in that case. *Clausnitzer*, See Docket #219

Defendant's statement that it is not "a resident of California"...is factually incorrect, at least for venue purposes. See 28 U.S.C. 1391(c). Memo. of Defendant Federal Express Corp. at page 3. That statement of Defendant is contrary to the words of the general provision of Title 28, which states that "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside any jurisdiction to which it is subject to personal jurisdiction." 29 U.S.C. 1391(c).

"[V]enue is proper in a judicial distract if a 'substantial part of the events or omissions giving rise to the claim occurred' in that district." *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986); *Tribal Fusion, Inc. v. Click Here, Inc.*, 2005 WL 2008022 (N.D. Cal. 2005). In employment discrimination cases, "venue is appropriate in the judicial district in which the plaintiff worked or would have worked." *Passaantino v. Johnson & Johnson*, 212 F.3d 493, 504 (9th Cir. 2000), *Tamashiro v. Harvey*, 487 F.Supp.2d 1162, 1166 (D. Hawaii 2006).

## CONCLUSION

For the reasons stated above and because venue is proper in this District the Defendant's motion to transfer should be denied.

By: /s/ David L. Rose
David L. Rose
Joshua N. Rose
Earlene W. Rosenberg
Attorneys for Plaintiffs

DATED: June 11, 2008                ROSE & ROSE, P.C.

```
 1  Joshua N. Rose (DCB 420606) Pro Hac Vice Application Pending
    Josh@Roselawyers.com
 2  David L. Rose (DCB 376379)
    Daver@Roselawyers.com
 3  Earlene W. Rosenberg (DCB 974273) Pro Hac Vice Application Pending
    Erosenberg@roselawyers.com
 4  ROSE & ROSE, P.C.
    1320 19th Street, N.W., Suite 601
 5  Washington, D.C.  20036
    Telephone: (202) 331-8555
 6  Facsimile: (202) 331-0996

 7  Attorneys for Plaintiffs

 8  Allen C. Speares (CA Bar 112108)
    Aspeare@att.net
 9  Law Office of Allen C. Speare
    111 N. Market Street, Suite 970
10  San Jose, CA  95113
    Telephone: (408) 795-1180
11  Facsimile: (408) 795-1184
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| FRED HULAC, KATHY FINGARSON DAVID WILLIAMS RAUL ARMENDARIZ, GLENDORA SPINKS, WILLIAM STEWART and all those similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL EXPRESS CORPORATION<br><br>Defendant. | CASE NO. 08-01557 (JSW)<br><br>PLAINTIFFS [PROPOSED] ORDER IN SUPPORT OF PLAINTIFFS' MEMORANDUM IN OPPOSITION TO TRANSFER VENUE |
|---|---|

**ORDER**

I, The Honorable Jeffrey S. White, HEREBY DENY Defendant's Motion to Transfer this suit to the Central District of California.

_____          _____
     Date                              Honorable Jeffrey S. White

**Certificate of Service**

I Earlene W. Rosenberg, hereby certify that Plaintiffs' Memorandum in Opposition Defendant's Motion to Transfer Venue and Proposed Order were served electronically on June 11, 2008.

/s/Earlene W. Rosenberg

Earlene W. Rosenberg