Edward J. Efkeman (Admitted *Pro Hac Vice*)
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road, Building B, Third Floor
Memphis, Tennessee 38125
Telephone: 901-434-8555
Fax: 901-434-9271
eefkeman@fedex.com

David S. Wilson, III (Bar No. 174185)
FEDERAL EXPRESS CORPORATION
2601 Main Street, Suite 340
Irvine, California 92614
Telephone: 949-862-4656
Fax: 949-862-4605
dswilson@fedex.com

Attorneys for Defendant
Federal Express Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| HULAC, et al., | **No. C 3:08-1557-JSW** |
| Plaintiffs, | |
| v. | **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE** |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant. | |

Plaintiffs' Opposition to Defendant's Motion to Transfer does not rebut the principle grounds for transferring this action to the Central District of California. This action, even with the newly-filed Amended Complaint, is virtually identical in factual allegations and legal claims to the *Clausnitzer* action pending in the Central District. The interests of justice militate in favor of transfer, and Plaintiffs have offered nothing that would counter that important factor. Plaintiffs' argument about deference for their choice of forum fails on its own, but in any event would not outweigh the interests of justice in this situation. This action should be transferred.

## I. THE MOST IMPORTANT FACTOR OF ALL, THE INTERESTS OF JUSTICE, SUPPORTS A TRANSFER OF THIS MATTER

Courts look at various factors in deciding whether to transfer a case to another district pursuant to 28 U.S.C. § 1404(a). Simplified to its core, § 1404(a) asks the district court to consider 1) convenience of the parties; 2) convenience of the witnesses; and 3) the interests of justice. Plaintiffs do not argue that the balance of these fundamental factors disfavors transfer. They simply argue that they had a right to file a lawsuit in any proper district, and that the district court cannot upset that choice. In doing so, Plaintiffs fail entirely to address the interests of justice that support transferring this action to the Central District of California.

One district court within the Ninth Circuit has called the interests of justice factor "the most important factor of all." *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005). Considering the interests of justice in that case, the district court noted such factors as "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Id.* (quoting *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). The familiarity of the judge has been extended to facts as well in considering a motion to transfer. *See, e.g.*, *Angotti v. Rexam, Inc.*, No. 05-6264 CW, 2006 U.S. Dist. LEXIS 15488 at *12 (N.D. Cal. Feb. 14, 2006) (noting that "judicial resources would be greatly conserved if Judge Montgomery, who is familiar with the factual issues relating to the Basic Agreement, were to decide both cases" and that factor "weighs heavily in favor of transferring").

### A. One forum is required to maximize judicial resources and to ensure consistent legal rulings

It cannot be disputed that Judge Carter in the Central District has a familiarity with the facts and law in this matter. The parties have had multiple briefings and hearings on class issues, discovery issues, and the merits of the claims. Judge Carter has written 50 pages of opinion concerning the issues in this case—issues that touch on specific policies, organizational structure, computer programs, and statistics. It would be a waste of judicial resources to ignore the experience and knowledge one judge has gained on the very same claims applied to the very same policies and procedures.

1    More importantly for the parties is the single determination of a legal question before the
2 court.  In *Clausnitzer*, Judge Carter made factual findings and legal conclusions in both his order
3 denying class certification and his order granting summary judgment.  Those decisions are subject to
4 review on appeal once *Clausnitzer* has a final order.  FedEx suggests that the proposed classes in
5 *Hulac* are identical to those in *Clausnitzer*; Plaintiffs presumably disagree.  Judge Carter is in the
6 unique situation to decide whether the *Hulac* classes are identical or are different, and whether any
7 differences create a distinction that changes his ruling on class certification.  Thus, even if duplicate
8 proceedings still existed, they would be based on consistent legal principles that an appellate court
9 could more easily review.  If Plaintiffs were allowed to proceed from district court to district court
10 seeking identical or nearly identical class certification from each court, neither Defendant nor the
11 nationwide putative class of Plaintiffs is assured of consistent rulings that would receive consistent
12 review on appeal.
13    Furthermore, Judge Carter has made specific rulings on issues that are likely to relate to
14 issues in the present action.  Disputes arose in discovery as to temporal scope of the claims and over
15 what documents Defendant did or did not have to produce.  Judge Carter granted in part and denied
16 in part Plaintiffs' motion to compel.  While the very same dispute should not arise again, if similar
17 disputes arise, Judge Carter's rationale for his rulings—unstated in his minute orders—should be
18 consistent for the parties.  The interests of justice to Defendant and the putative class of Plaintiffs
19 favors transfer of this action to the court that already has familiarity with the facts and law applicable
20 to this matter.

21    **B.    Benefits issues were present and litigated in *Clausnitzer***

22    No ERISA claim was included in the Complaint in this matter.  After Defendant filed the
23 motion to transfer on May 13, Plaintiffs filed an Amended Complaint on May 21 with an ERISA
24 claim.  Plaintiffs then opposed the motion to transfer claiming that the ERISA claim makes this
25 lawsuit different from *Clausnitzer*, which had no specific ERISA claim.  What Plaintiffs fail to
26 acknowledge, however, is that the underlying allegations about pension and health benefits <u>were</u> in
27 fact litigated in *Clausnitzer*.
28    For instance, the Amended Complaint in *Clausnitzer* includes the allegation in paragraph 29

that "FedEx has adopted and applied BPP and MAPS [FedEx policies] in a discriminatory manner to encourage or require its older couriers to leave their employment before they become eligible for retirement. FedEx took such actions, based on the belief that elimination of older couriers from its work force would reduce its labor costs and the costs of its health and medical benefits, retirement program, and other employee benefit plans." Whether or not ERISA violations were stated as a specific cause of action, Plaintiffs have always asserted the same theory of discriminatory motivation. Plaintiffs asked for documents in discovery relating to the pension and health plans. Some of these requests were even the subject of a motion to compel. The docket reflects an order by Judge Carter on this issue:

| 07/26/2007 | 163 | MINUTES OF IN CHAMBERS ORDER held before Judge David O. Carter GRANTING IN PART Motion by Plaintiff to Compel 141 . Defendant FedEx is hereby ORDERED to produce all documents responsive to either Request No. 1 or Request No. 2 as set forth previously. FedEx is further ORDERED to produce documents responsive to the modified versions of Request Nos. 7 (Pension Plan documents and Retirement Savings Plan documents from 1994, 1995, and 1996) and 14 (documents relating to changes actually adopted for each benefit plan since January 1, 1994). (kh) (Entered: 07/26/2007) |

Plaintiffs deposed two different Rule 30(b)(6) witnesses on health and retirement benefits plans. Plaintiffs asked other witnesses, including a former Senior Vice President of Ground Operations, about the pension plan operations and any changes to the plan. Benefits issues were certainly litigated as much in *Clausnitzer* as they would be in any new lawsuit.

Moreover, the way that the ERISA claim was pled in the Amended Complaint reveals the actual purpose of the new claim. Plaintiffs limited their claim of relief to equitable remedies for ERISA violations (see ¶ 228 of the Amended Complaint), emphasizing that the ERISA claim adds nothing to the factual or legal proceedings to this case other than to try and avoid a transfer to the Central District of California. Despite this transparent attempt, the interests of justice—in particular the factors of judicial efficiency and consistency of rulings—strongly favor a transfer in this matter.

**II.   PLAINTIFFS' LATEST CHOICE OF FORUM IS ENTITLED TO VERY LITTLE DEFERENCE**

The general rule on venue is that a plaintiff is entitled to deference in his choice of forum,

and Plaintiffs in this case based virtually all of their opposition on this principle. Two facts in this case spoil Plaintiffs' argument.

First, the Northern District of California is not Plaintiffs' first choice of forum. At least one individual on the appendices, Elizabeth Tucker, was a named plaintiff in the *Holowecki* lawsuit in New York proposing the same class and also consented to join the *Clausnitzer* collective action before class certification was denied. Many other Plaintiffs in this action filed notices in *Clausnitzer* before they chose to file a new lawsuit here. Plaintiffs are disingenuous in arguing that this district is the forum they selected to bring these claims. More accurately, Plaintiffs selected this district after the proceedings in three other federal districts did not go as they had hoped. Courts should disregard a plaintiff's forum "choice" where the suit is a result of forum-shopping. *See Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 628 (9th Cir. 1991).

Second, a plaintiff's choice of forum is less significant where they propose to represent a nationwide class. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *see Ray v. BlueHippo Funding, LLC*, No. 06-1807 JSW, 2007 U.S. Dist. LEXIS 91060 (N.D. Cal. Dec. 4, 2007). Plaintiffs continually allege—albeit without factual support—that Defendant has a common plan emanating from Memphis to discriminate against couriers all over the country. These allegations made by Plaintiffs themselves run counter to any argument that this lawsuit should stay in any particular district, and certainly not in the Northern District of California, where only five of 96 named Plaintiffs reside, and where no key defense witnesses reside and no national or regional offices are located. If any deference is given to Plaintiffs' choice of forum, it should be very little, and it does not come close to outweighing the interests of justice as set forth above.

### III. ATTORNEYS ARE ONLY AN ISSUE TO THE EXTENT THEY ARE AUTHORIZED OR NOT TO PRACTICE IN THIS MATTER

Plaintiffs spend much time in their opposition discussing the attorneys for the parties, especially those for FedEx. Defendant mentioned attorneys at its regional offices in Irvine, California, as a factor for the convenience of the parties, but concedes that the convenience of the attorneys is not a significant factor. Admittedly, lead counsel for Defendant is located in Memphis, Tennessee, and the Northern or Central Districts of California are equally convenient.

1   Defendant also alluded in its motion that Plaintiffs had no California counsel for comparison on this factor.  Plaintiffs apparently still have no resident California counsel, and none of the attorneys on pleadings for Plaintiffs are admitted in California.  The original complaint listed only a DC Bar number for David Rose, and noted that Earlene Rosenberg had a *pro hac vice* application pending.  The Amended Complaint continued to note Ms. Rosenberg with a pending *pro hac vice* application, and added Joshua Rose with the same notation.  More curiously, the signature block for David Rose at the bottom of the Amended Complaint states "admitted in N.D. Cal."

As far as Defendant has been able to ascertain, none of the three attorneys on the pleadings are admitted in the State of California or in the Northern District of California.[1]  Despite the notations on the pleadings, no *pro hac vice* applications are pending in this matter.  If the court determines that this is true, Defendant suggests that Local Rule 11-8 applies to this situation. Sanctions for violating this rule are mandatory.  *Macias v. McGrath*, 322 F. Supp. 2d 1041, 1045 (N.D. Cal. 2004).

**IV.   CONCLUSION**

For the reasons stated above and in Defendant's Motion to Transfer, this action should be transferred to the Central District of California.


Dated: June 20, 2008                     */s/ Edward J. Efkeman*
                                         Edward J. Efkeman (Admitted *Pro Hac Vice*)
                                         David S. Wilson, III (Bar No. 174185)
                                         FEDERAL EXPRESS CORPORATION

                                         Attorneys for Defendant
                                         FEDERAL EXPRESS CORPORATION

---

[1] Plaintiffs' attorneys' lack of knowledge with the Local Rules and Standing Orders of this district support the belief that they are not admitted.  The birth dates of all the named plaintiffs were included in the publicly-filed Complaint and Amended Complaint, violating both Local Rule 3-17 and General Order 53.

**PROOF OF SERVICE**

**STATE OF TENNESSEE, COUNTY OF SHELBY**

     I hereby certify that on June 20, 2008, I electronically filed Defendant Federal Express Corporation's Reply in Support of Defendant's Motion to Transfer Venue with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

David L. Rose
daver@roselawyers.com
Earlene W. Rosenberg
erosenberg@roselawyers.com
ROSE & ROSE, P.C.
1320 19th Street, N.W.
Suite 601
Washington, DC 20036
202-331-8555

                                */s/ Edward J. Efkeman*
                                Edward J. Efkeman
                                Attorney for Defendant
                                Federal Express Corporation
                                3620 Hacks Cross Road
                                Building B, Third Floor
                                Memphis, TN  38125
                                Tel. No. (901)434-8555
                                Email:  eefkeman@fedex.com