IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED HULAC, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>    Defendant.<br>_____/ | No. C 08-01557 JSW<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE** |

Now before the Court is Defendant's motion to transfer venue to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, the Court hereby GRANTS Defendant's motion to transfer venue. The Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing set for July 11, 2008. *See* Civil L.R. 7-1(b).

**BACKGROUND**

On May 21, 2008, Plaintiffs Fred Hulac, Kathy Fingarson, David Williams, Raul Armendariz, Glendora Spinks, and William Stewart (collectively, "Plaintiffs") filed a class action against Federal Express Corporation ("Defendant"), alleging that Defendant discriminated against them based on their age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et. seq.*, the Employee Retirement Income and Security Act ("ERISA"), and the Fair Employment and Housing Act ("FEHA"). (Am. Compl. ¶ 1). Plaintiffs include 96 current and former hourly employees age 44 and over, with ten or more

years of employment.[1]  (*See id*., App. A-C.)  Thousands of present and former couriers, ramp transport drivers, and service agents are estimated to be in the putative class.  (*Id.* ¶ 113.)

Plaintiffs allege that Defendant's discipline, assignment, and termination practices discriminate against older couriers, ramp transport drivers, and service agents, while favoring younger employees with less experience.  (*Id.* ¶¶ 107, 110.)  For example, station managers must follow corporate policies by assigning each courier a delivery goal, referred to as "stops per hour."  (*Id.* ¶ 37.)  Plaintiffs allege that Defendant has increased the number of stops-per-hour for couriers over 44 years of age, and that these goals cannot be achieved without violating company policies, such as safe driving and taking lunch breaks.  (*Id.* ¶ 39.)

Plaintiffs also allege that older employees receive more scrutiny and are targeted for audits more often than their younger counterparts.  (*Id.* ¶ 103.)  The disciplinary notices result in the direct termination of older workers, or cause them to retire before they are eligible for complete retirement benefits.  (*Id.* ¶¶ 101-03.)  Plaintiffs claim that younger couriers receive preferential treatment, such as better starting times, production goals, and overtime.  (*Id.* ¶107.)

Another class action involving similar allegations, claims, and proposed class, was already filed by the same counsel in March 2006, and was litigated before Judge Carter in the Central District.  (Mot., Ex. A, *Clausnitzer, et. al. v. Federal Express Corporation*, No. SAVC 05-1269 DOC (ANx), herein referred to as "*Clausnitzer* Action".)  In the *Clausnitzer* Action, Judge Carter denied class certification and granted summary judgment for Defendant.  (*Id..*, Ex. B, C.)  Plaintiffs filed a motion for reconsideration, which is now pending.  (*Id*. at 2.)

## ANALYSIS

**I.     Legal Standard.**

Pursuant to 28 U.S.C. to § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally, for the convenience of the parties and witnesses, and in the interest of justice.  The burden is on the moving party to demonstrate that

---

[1] Some employees are named on two different lists.  Defendant purports that 82 different individuals are listed and notes that the actual number of plaintiffs is unclear.  (Mot. at 4.)

2

the action should be transferred. *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

District courts use a two-step analysis to determine whether transfer is proper. Step one considers the threshold question of whether the action might have been brought in the district to which transfer is sought. *Id.* If venue is proper in the transferee district, the district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The court considers relevant factors, such as the plaintiff's choice of forum; the local interest in the issue; the relative ease of access to evidence; the availability of compulsory process for unwilling witnesses and the cost involved in securing willing witnesses; the familiarity of each forum with applicable law; and the relative court congestion in each forum. *Decker Coal. Co. v. Commonwealth Edison Co*, 805 F.2d 834, 843 (9th Cir. 1986) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)).

**II.     Transfer of Venue is Appropriate.**

**A.     Venue is Proper in the Central District of California.**

There is no dispute that Plaintiffs could have brought this suit in the Central District of California. Defendant does business in both districts and at least five of the individual plaintiffs were employed in the Central District. Accordingly, Defendant has met its burden under the first prong.

**B.     Convenience Factors.**

**1.     Plaintiffs' Choice of Forum.**

Typically, a court should give substantial weight to the plaintiff's choice of forum unless the defendant can make a strong showing of inconvenience. *Id.* A plaintiff's choice of forum is also afforded less deference when the facts giving rise to the action have little connection to the forum of original selection. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

Defendant argues that Plaintiffs' choice of forum is entitled to little weight because they bring suit as a class action. (Reply at 5.)  "When an individual brings a derivative suit or

3

represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg* 834 F.2d 730, 739 (9th Cir. 1987). Defendant also contends that the Northern District was not the first choice of venue for 64 of the named plaintiffs. These plaintiffs initially chose the Central District when they attempted to opt-in to the *Clausnitzer* Action. It was only after Judge Carter denied class certification and granted summary judgment for Defendant, that the opt-in plaintiffs immediately re-filed this action in the Northern District. (Mot. at 7.)

The Court acknowledges that Plaintiffs' choice of forum is relevant because there is a sufficient factual nexus between the offending activity and the Northern District. However, the Court concludes that Plaintiffs' choice of forum is entitled to minimal deference because neither forum would be preferable to the other for the nationwide class as a whole.

**2.      Convenience of Parties and Witnesses.**

Plaintiffs are located throughout the country, and while the five representative plaintiffs reside in the Northern District, at least five other plaintiffs reside in the Central District. (*See* Am. Compl., App. A-C.) Defendant is incorporated in Delaware and has its principle place of business in Tennessee; it also conducts business and employs workers worldwide, including in the state of California. (Opp. Br. at 2; Am. Compl., App. A-C.) Therefore, the convenience of the parties is a relatively neutral factor.

When considering the convenience of witnesses, the Court examines who the witnesses are, where they are located, and the relevance of their testimony. *A.J. Industries, Inc. v. United States Dist. Ct.*, 503 F.2d 384, 389 (9th Cir. 1974). Neither party has identified any third-party witnesses in either district, and relevant testimony could potentially come from employees throughout the nation. Defendant's corporate supervisors would have to travel from the company's Tennessee headquarters to California. Therefore, regardless of whether the action is heard in the Northern or Central District, it will be equally inconvenient for those witnesses who have to travel outside their home state.

The Court also weighs the relative ease of access to sources of proof. *Decker Coal*, 805 F.2d at 843. Here, discovery would include electronic records and employee handbooks from Defendant's headquarters in Tennessee, as well as employee disciplinary records from Federal

4

Express centers throughout the nation. Therefore, the Court finds access to proof is another neutral factor.

### 3. Public Convenience Factors.

In addition to private convenience factors, the Court takes into account public convenience factors, such as the local interest in the action, the familiarity of the forum with the applicable law, and the administrative difficulties flowing from court congestion. *Id.*

The parties do not dispute that the public convenience factors in this case are also relatively neutral. Because the operative facts took place in both the Northern and Central Districts, neither district has a greater local interest in the resolution of the matter. Both this Court and the courts in the Central District are equally capable of applying California law which governs this case. Additionally, the Northern District's average trial time is only slightly greater than the average time to trial in the Central District. (*See* Mot., Ex. D (*Forrand, et. al. v. Federal Express Corp.*, No. C07-4674 TEH).)

### C. Interest of Justice.

The Court must also consider whether transferring the claim will serve the interest of justice. *Decker Coal*, 805 F.2d at 843. This factor appears to be the most important and applicable in this case, considering the *Clausnitzer* Action has already been heard in the Central District.

### 1. Maximize Judicial Resources.

Defendant argues that the proposed classes in this matter are identical to those in *Clausnitzer*, and that transfer is proper in order to maximize judicial resources and ensure consistent legal rulings. (Reply at 2-3.) Plaintiffs claim that the two actions are different because *Clausnitzer* did not include an ERISA claim. (Opp. Br. at 4.)

There are minor differences between the claims brought in the *Clausnitzer* Action and those brought here. This action includes an ERISA claim and also slightly broadens the putative class by adding ramp transport drivers, service agents, and handlers to the class of couriers, as well as raising the minimum age from 40 to 44 years old. The representative

5

plaintiffs are also different. However, both actions were brought by the same counsel, and 64 of the named plaintiffs previously attempted to opt-in to the *Clausnitzer* Action. (Mot. at 6.)

Defendant argues that although an ERISA violation was not stated as a specific claim in *Clausnitzer*, the underlying allegations regarding retirement benefits were already addressed and litigated. In the *Clausnitzer* Action, Plaintiffs alleged that Defendant implemented discriminatory policies which encouraged or required older couriers to leave their employment before they became eligible for retirement. (Am. Compl., Ex. A (*Clausnitzer* Am. Compl. ¶ 29.))

Plaintiffs in *Clausnitzer* also requested discovery documents relating to pension and health plans, and deposed witnesses about heath and retirement benefits plans. (Reply at 4.) Moreover, Plaintiffs in this matter amended their complaint by adding an ERISA claim only after Defendant filed this motion to transfer. (*Id.* at 3.) The Court finds that Plaintiffs are trying to avoid transfer by adding an ERISA claim and narrowly expanding the class, neither of which substantially change the operative facts or underlying legal analysis.

In the *Clausnitzer* Action, the parties had hearings on class issues, discovery disputes, and the merits of the claims. Judge Carter is already familiar with the facts and law in this action and has written extensively on identical claims in the *Clausnitzer* Action. (*See* Mot., Ex. B, C.) Therefore, it would be an efficient use of judicial resources to utilize Judge Carter's experience and knowledge of the operative facts and same claims.

### 2. Avoid Inconsistent Rulings.

Defendants also argue that transfer is proper in order to avoid the risk of conflicting rulings on preliminary issues, such as class certification. In the *Clausnitzer* Action, Judge Carter denied class certification and granted summary judgment. Therefore, Judge Carter is in a better position to determine whether the classes are identical and whether class certification in this matter should similarly be denied. Judge Carter also made rulings on discovery issues that are likely to arise again in the present action. In order to maintain consistent rulings, the same judge should rule on these discovery disputes should they arise again. (Reply at 3.)

Thus, it would be more efficient for the Central District to hear this case because of its familiarity with the claims, the putative class, and the discovery rulings that were already determined in the *Clausnitzer* Action.

### 3. Avoid Forum Shopping.

Defendant asserts that this is a clear case of forum shopping. (Mot. at 9.) Courts should disregard a plaintiff's choice of forum where the suit is a result of forum-shopping. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

In addition to actions in the Central and Northern Districts of California, Plaintiffs' counsel has filed complaints with nearly identical facts and the same proposed class in two other states. (*See* Mot. at 7-8, citing *Holowecki, et al. v. Federal Express Corp.*, No 02-civ-3355-LLM (S.D.N.Y. April 2002); *Bost, et al. v. Federal Express Corp.*, No. 8:02-cv-00837-EAK (M.D. Fla. May 2004).)

In *Holowecki* and *Bost*, Defendant moved to dismiss based on untimely filing. Both motions were granted and plaintiffs appealed. The Eleventh Circuit affirmed the dismissal of the Florida court in *Bost*, but the Second Circuit reversed the dismissal of the New York court in *Holowecki*. While *Holowecki* was awaiting decision in the Second Circuit, Plaintiffs' counsel filed the *Clausnitzer* Action in the Central District of California. (Mot. at 8.)

In *Clausnitzer*, with again the same proposed class, Plaintiffs fully litigated the issue of class certification on the merits, and Judge Carter denied the motion for class certification. (*Id.*) Judge Carter also granted summary judgment on the remaining claims of the named plaintiffs. Just two days later, Plaintiffs filed this action in the Northern District. Defendant asserts that this is a clear case of forum shopping that must be stopped. (*Id.* at 9.)

Plaintiffs contend that the Court does not need to balance the factors in 28 U.S.C. 1404(a) because the ADEA, ERISA, and 28 U.S.C. 1391(c) allow them to choose a forum where Defendant does business, "independently of the wishes of the defendant." (Opp. Br. at 5) (quoting *Hoffman, et al. v. Blaski*, 363 U.S. 335, 344 (1960)).

This argument fails because Defendant does not claim that the Northern District is an improper venue, nor does it deny that opt-in plaintiffs have the statutory right to join the suit.

7

1  Rather, Defendant asserts that there is substantial evidence of forum-shopping and that the
2  action should be transferred to the Central District in the interest of justice.
3       The Court finds that Defendant has met its burden of overriding Plaintiff's choice of
4  forum, and that this action should be transferred to the Central District.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to transfer venue to the Central District of California. The clerk shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: July 2, 2008

*/s/ Jeffrey S. White*

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE